## MOGOLL et al. v. UNITED STATES.

### No. 11626.

Circuit Court of Appeals, Fifth Circuit.
Dec. 30, 1946.

Rehearing Denied Feb. 3, 1947.

Rudolph F. Becker, Jr., of New Orleans, La., for appellants.

Herbert W. Christenberry, U. S. Atty., and N. E. Simoneaux, Asst. U. S. Atty., both of New Orleans, La., for appellee.

Before HUTCHESON, McCORD, and LEE, Circuit Judges.

PER CURIAM.

The indictment contained eight counts. The first charged conspiracy to violate Section 80, Title 18 U.S.C.A. and the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 301 et seq., and the rules, regulations and directions made pursuant thereto. The other seven counts charged substantive offenses. Defendants were acquitted on counts 1 to 7 inclusive, and convicted on count 8. They have appealed on the sole ground that the judgment on the verdict may not stand because "the verdict of guilty on count 8 is an impossible one, unreasonable and contrary, and is repugnant to the verdict of not guilty on the first seven counts of the indictment."

The point made is that the first count charged defendants with conspiracy to do, and the six following substantive counts charged them with doing, the acts and things which the eighth count charged them with having failed, to report to the draft board that they had done them, and that the jury having acquitted them of conspiring so to do, and of doing these things, the verdict that they were guilty of failure to report that they had done them was inconsistent with the seven verdicts of acquittal and an absurd and impossible verdict.

The United States insists that the verdict is not inconsistent. Its main reliance, however, is that it is the law that the verdict need not have been consistent.

Assuming, without deciding, that appellants are right in their claim that the verdict was inconsistent, we agree with appellee that the judgment must nevertheless.

be affirmed. A trial on an indictment in separate counts is the same in law as a trial on separate indictments. While the verdict as to each count must be consistent in itself, the verdicts on the several counts need not be consistent with each other. The question for review here, therefore, is not whether the verdict of guilty on the eighth count is consistent with the verdict of acquittal on the other counts. It is whether it is consistent with the evidence,[1] that is whether the evidence supports the verdict, and this is true even though the inconsistency can be explained upon no rational considerations.[2]

Appellants have not brought up the evidence. Every presumption must, therefore, be indulged that it completely supports the verdict of guilty.

The judgment is affirmed.

---

[1] United States v. General Motors Corp., 7 Cir., 121 F.2d 376, at page 411; Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161; United States v. Meltzer, 7 Cir., 100 F. 2d 739.

[2] American Medical Ass'n v. United States, 76 U.S.App.D.C. 70, 130 F.2d 233, at page 252; Telfian v. Sanford, 5 Cir., 1945, 147 F.2d 945; Borum v. United States, 284 U.S. 596, 52 S.Ct. 205, 76 L.Ed. 513.