## MOGALL *v.* UNITED STATES.

No. 48.   Argued October 16, 1947.—Decided March 8, 1948.

*Rudolph F. Becker, Jr.* argued the cause for petitioner. With him on the brief was *Charles W. Kehl.*

*W. Marvin Smith* argued the cause for the United States.   With him on the brief were *Solicitor General Perlman, Assistant Attorney General Quinn, Robert S. Erdahl* and *Irving S. Shapiro.*

Per Curiam.

Petitioner and his employee, one Perniciaro, were jointly indicted and tried on the charges contained in an eight-count indictment.   The defendants were acquitted under Counts 1 to 7, the first of which charged petitioner and Perniciaro with conspiring for the purpose of enabling Perniciaro to evade military service by failing to make known to the draft board facts which might have resulted in Perniciaro being placed in a different draft classifica-

tion. The defendants were convicted under Count 8, however, which charged petitioner and Perniciaro with failing to report facts in writing to the local draft board which might have resulted in Perniciaro being placed in a different draft classification, contrary to § 11 of the Selective Training and Service Act of 1940, 54 Stat. 894, 50 U. S. C. § 311 and § 626.1 (b) of the Selective Service Regulations.

The Government now concedes that the Selective Service Regulations imposed no legal obligation upon petitioner, as an employer of a registrant under the Selective Training and Service Act, to make such reports to the local board. It is also conceded that petitioner was tried and convicted upon the assumption that he was under such a legal obligation. We agree that the plain language of the Regulation and the record of this case support these conclusions.

The Government urges that although the judgment of conviction against petitioner should be reversed, the indictment should not be dismissed since the prosecution may wish to try petitioner a second time on the charges contained in Count 8, as an aider and abettor.

There is no showing of facts sufficient for us to pass judgment on the question. Accordingly, we intimate no opinion on the propriety of this procedure or the issues which it might present. See *Sealfon* v. *United States,* 332 U. S. 575 (1948). Those questions will be open in the District Court on our remand of the cause.

*Reversed.*