**SHAFER v. UNITED STATES.**

No. 12245.

United States Court of Appeals
Ninth Circuit.

Jan. 12, 1950.

Rehearing Denied March 20, 1950.

Max Tendler, Los Angeles, Calif., for appellant.

James M. Carter, U. S. Attorney, Ernest A. Tolin, Chief Asst., Norman W. Neukom, William L. Baugh, Asst. U. S. Attorneys, Los Angeles, Calif., for appellee.

Before HEALY and BONE, Circuit Judges, and FEE, District Judge.

PER CURIAM.

The defendant, with others was indicted on three counts. The first count was for receiving upon importation a narcotic drug, knowing it to have been imported contrary to law. The second was for the knowing purchase of a narcotic drug which was not in or from the original stamped package. The third charged all the defendants entered into a conspiracy knowingly to import and to receive this narcotic drug into the United States from Mexico.

The second clause of the statute, 21 U.S.C.A. § 174, under which the indict-

930

ment was drawn, makes it a crime to receive a narcotic drug upon importation, knowing the same to have been brought in contrary to law. The first count of this indictment so charges. As a matter of grammatical construction, the words "fraudulently or knowingly," which are part of the definition of the crime as stated in the first clause of this law, are not connected with the crime defined in the second clause. The textual criticisms made in the argument are extremely tenuous and unsound. The Court, under the indictment, would be required to charge not only that the exact knowledge specified in the statute must be found, but also to charge that a definite criminal intent existed, before conviction could ensue. United States v. Amorosa, 3 Cir., 167 F.2d 596, 598; United States v. Martinez, D.C., 73 F.Supp. 403, 407. The defendant was in no doubt as to the crime charged in this count.

 The remaining contentions all relate to a claim of double jeopardy. The Trial Court dismissed Counts 2 and 3 during the trial, because neither stated a public offense. Of course, a conviction on a count which did not state a crime would be a nullity. Cf. Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644. The dismissal was not inconsistent with the entry of a judgment on Count 1, even if the same element were involved in each of the three. . Barsock v. United States, 9 Cir., 177 F.2d 141, and cases cited. Even a verdict of acquittal on the last counts and of guilty on the first would be sustained, since a verdict need not be consistent. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161; Robinson v. United States, 9 Cir., 175 F.2d 4, 10; Mogoll v. United States, 5 Cir., 158 F.2d 792, 793, reversed on other grounds, 333 U.S. 424, 68 S.Ct. 487, 92 L.Ed. 783. If the transaction were the same in all three counts, still a like result would follow. Actually, neither the incidents of Count 1 nor the crime attempted to be charged were the same as those set out in either Count 2 or Count 3.

This appeal is, in our opinion, frivolous and is dismissed.