**UNITED STATES of America,**
**Appellant,**

v.

**Homer Lavel RODGERS, Appellee.**

**No. 15007.**

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1955.

C. F. Herring, U. S. Atty., San Antonio, Tex., Bradford F. Miller, Asst. U. S. Atty., San Antonio, Tex., for appellant.

Before HOLMES, and TUTTLE, Circuit Judges, and ALLRED, District Judge.

ALLRED, District Judge.

The sole question in this case is the sufficiency of the indictment to state an offense. The trial court sustained a motion to dismiss and the Government appeals. We hold the indictment is sufficient. It charges a violation of section 174, Title 21, U.S.C.A. and reads as follows:

"On or about April 5, 1953, in Bexar County, Texas, within said district and division, Homer Lavel Rodgers knowingly and fraudulently received and concealed a narcotic drug, to wit, eight and one-half (8½) grains of heroin, after being imported and brought into the United States; and the said Homer Lavel Rodgers then knew said heroin had been imported into the United States contrary to law."

The court held the indictment "insufficient in that it fails to allege that the heroin was imported contrary to law, which allegation should have been made in addition to the allegation that the defendant knew that the heroin had been imported contrary to law at the time he received and concealed it." In other words, the court held that the words, "contrary to law," should have followed "after being imported." We think this reasoning is unsound. It reads words into the second clause of the statute, upon which the indictment was based, which are not a part of it.

21 U.S.C.A. § 174 reads, so far as pertinent here, as follows:

"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States * * * contrary to law, or receives, conceals * * * any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law * * * shall be fined * * * and imprisoned * * *."

It will be observed that the statute denounces: (1) fraudulent or knowing importation or bringing in of any narcotic drug contrary to law; and (2) receiving, concealing, etc., any such narcotic drug, after being imported or brought in, knowing the same to have been imported contrary to law. The indictment here follows the exact language of the second clause of the statute. The phrase, "contrary to law," as used in the first clause, is not a part of the offense defined in the second clause.[1] Even if it had been used

---

1. Cf. Shafer v. United States, 9 Cir., 179 F.2d 929, 930, holding that "fraudulently or knowingly," used in the first clause, is not a part of the offense defined in the second clause; and Aeby v. United States, 5 Cir., 206 F.2d 296, making the same distinction.

there, it is difficult to understand how a defendant could know that a narcotic drug had been imported contrary to law unless it had been so imported.

In Wong Lung Sing v. United States, 9 Cir., 3 F.2d 780, the court upheld an indictment in the identical language used here. The language charges at once that the narcotic drug had been imported into the United States contrary to law and that the defendant knew it at the time he received and concealed it.

Reversed.