**William L. BABB, Appellant,**

v.

**UNITED STATES of America, Appellee.**

United States Court of Appeals, Fifth Circuit.

**No. 15013.**

Jan. 12, 1955.

John D. Cofer and G. Hume Cofer, Austin, Tex., for appellant.

Bradford F. Miller, Asst. U. S. Atty., San Antonio, Tex., Charles F. Herring, U. S. Atty., Austin, Tex., for appellee.

Before HOLMES and TUTTLE, Circuit Judges, and ALLRED, District Judge.

ALLRED, District Judge.

Appellant was convicted by a jury on five counts of an indictment, brought under 18 U.S.C. § 545, charging him with knowingly receiving, concealing, transporting, etc., a number of Charolaise cattle, after importation, knowing them to have been imported and brought into the United States, contrary to law. He assigns as error here: (1) Sufficiency of the indictment; (2) failure to instruct the jury not to consider the guilty plea of a co-defendant, an alleged coconspirator; and (3) failure to declare a mistrial, or a new trial, to enable appellant to secure the testimony of two witnesses to impeach a government witness. We find it necessary to discuss only grounds one and two.

All counts are the same excepting dates and number of cattle. The following (5th) count is typical:

"(18 U.S.C. Section 545)"

"That on or about March 19, 1953, within the Austin Division of the Western District of Texas, Alphe A. Broussard, William L. Babb and Antonio Enrique Gilly knowingly, willfully and fraudulently concealed, transported, and facilitated the transportation of certain merchandise, to wit approximately eight (8) head of Charolaise Cattle, after importation, each knowing the same to have been imported and brought into the United States contrary to law."

Appellant filed a "demurrer," (treated as a motion to dismiss), to each count because it failed to allege "contrary to what law said cattle were known to have been imported and brought in" and "that it is necessary under section 545 to state in what the illegality of the importation or bringing into the United States consists * * *." The motion was overruled but a bill of particulars alleged that sections 1001, 1460 and 1484 of Title 19, and a number of sections from Titles 9 and 19 of the Code of Federal Regulations were the laws "contrary" to which it was claimed that the cattle had been imported. Copies of these regulations, consuming 10 pages of the Record, were attached to the bill of particulars. The cited statutes and regulations deal with customs duties, manifests, entries, inspections of live stock, etc.

Appellant contends that the words "contrary to law" in the second paragraph of section 545 relate to legal provisions not found in that paragraph; that the words "concealed, transported and facilitated the transportation of certain merchandise * * * after importation" do not allege acts contrary to law, and could only become so when in violation of specific statutory requirements; that the indictment, therefore, is fatally defective and could not be cured by a bill of particulars. We agree.

An indictment or information in the language of a statute ordinarily is sufficient, except where the words of the statute do not contain all of the essential elements of the offense; but if the statute omits an essential element, the indictment must supply it with certainty.[1] The statute[2] under which this prosecu-

---

1. Sutton v. United States, 5 Cir., 157 F.2d 661; Robertson v. United States, 5 Cir., 168 F.2d 294, 295.

2. 18 U.S.C. § 545, reads in part as follows: "Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through

tion is lodged defines two separate types of offenses: (A) smuggling or clandestinely introducing any merchandise which should have been invoiced, or use of false or forged documents, etc.; and (B) knowingly importing or bringing in any merchandise contrary to law, or receiving, concealing, etc. such merchandise knowing it to have been brought in contrary to law. These are distinct offenses, as shown by their legislative history.[3] There is a vast difference between smuggling, clandestinely introducing, using false or forged documents, etc., on the one hand, and importing, bringing in or receiving, etc., merchandise, since the first manifestly is unlawful and evil per se, while importing, bringing in, receiving, etc., after importation, is not.

Here the indictment is under the second distinct paragraph of the statute. It is significant that the Government did not allege in the bill of particulars that the cattle were smuggled or clandestinely introduced without being invoiced, or by the use of false or forged documents (in violation of the first paragraph of section 545); and that the court did not mention that theory or that part of section 545 in his instructions to the jury. On the contrary, he charged the jury as to the provisions of sections 103 and 104 of Title 21, (which had not been included in the bill of particulars) and sections 1001, 1460 and 1484 of Title 19 and various federal regulations, as the laws contrary to which it was claimed the cattle were imported. An indictment for importing diamonds "contrary to law" was held fatally defective in Keck v. United States, 172 U.S. 434, 19 S.Ct. 254, 255, 43 L.Ed. 505, under then R.S. § 3082, now the second paragraph of section 545. The court held that "contrary to law" as there used was too general and obviously related to legal provisions found in other laws.[4] The Keck case has been cited with approval many times, never overruled. The Supreme Court apparently approved it in Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545, but held it was not applicable there under the familiar rule that it is not necessary to charge in a conspiracy the offenses intended to be committed with the particularity required to charge a substantive offense.[5]

This court cited the Keck case in Sutton v. United States, supra,[6] in holding

the customhouse any false, forged, or fraudulent invoice, or other document or paper; or

"Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law—".

3. The first paragraph, (dealing with smuggling, false documents, etc.), was derived from 19 U.S.C. § 1593(a), which in turn had as its source R.S. § 2865, as amended by Act of Feb. 27, 1877, c. 69 § 1, 19 Stat. 247. The second paragraph (dealing with importing, receiving, etc., such merchandise knowing that it had been imported contrary to law), was derived from 19 U.S.C. § 1593(b), which in turn had as its source R.S. § 3082. See reviser's notes following 18 U.S.C. § 545 and 19 U.S.C. § 1593.

4. The court said:
"The generic expression, 'import and bring into the United States,' * * * is not per se contrary to law, and could only become so when done in violation of specific statutory requirements. As said in the Hess case, [124 U.S. 483, at page 486, 8 S.Ct. 571, 31 L.Ed. 516]:
" 'The statute upon which the indictment is founded only describes the general nature of the offense prohibited, and the indictment, in repeating its language without averments disclosing the particulars of the alleged offense, states no matters upon which issue could be formed for submission to a jury.' "

5. See also Heike v. United States, 2 Cir., 192 F. 93; Goldberg v. United States, 8 Cir., 277 F. 211, 215; Miller v. United States, 6 Cir., 300 F. 529, 533; Ford v. United States, 9 Cir., 10 F.2d 339, 343; Hartson v. United States, 2 Cir., 14 F.2d 561.

6. See also Goldman v. United States, 5 Cir., 263 F. 340; United States v. Boasberg, 5 Cir., 283 F. 305, 312.

an information fatally defective which charged a defendant with unlawfully having in his possession and under his control rationed sugar in violation of Second Revised Ration Order No. 3 and General Ration Order No. 8, as amended. The narcotic and other cases, cited by appellee, are distinguishable.[7] The distinction between narcotic prosecutions, under 21 U.S.C. § 174 (in which it is not necessary to allege facts to show that opium was imported contrary to law), and importing merchandise under 18 U. S.C. § 545, is best pointed up in Wong Lung Sing v. United States, 9 Cir., 3 F. 2d 780 781 (an opium case). The court said:

"We are of opinion that the charge is sufficient, both as to illegal importation and knowledge of illegal importation. Keck v. United States, 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505, is to be distinguished. In that case the indictment used the generic expression, 'import or bring into the United States' diamonds, contrary to law. It was held that the expression 'import and bring into the United States' was vague, and did not convey the necessary information to defendant, because importing merchandise is not per se contrary to law, and could only become so when done in violation of specific statutory requirements, whereas the present statutes absolutely prohibit the importation of opium for smoking purposes. 38 Stat. 275, Act January 17, 1914."

We hold that the indictment should have alleged some fact or facts showing that the cattle in question were imported or brought in contrary to some law;[8] and that it is not enough to say that they were imported or brought in "contrary to law."

Appellant's co-defendant and alleged co-conspirator, Broussard, a witness for the Government, was permitted to testify over objection that he had plead guilty to all of the counts of the indictment. This was error. This court held in Leroy v. Government of Canal Zone, 5 Cir., 81 F.2d 914, that it was error to admit judgments of conviction of two other defendants not on trial. We see no difference between admitting a judgment of conviction and permitting a co-defendant to testify to the same thing. Practically all the decisions now hold that it is error for the court to instruct the jury that they may consider the fact that co-defendants have plead guilty.[9]

Appellant not only objected to Broussard's testimony as to his plea of guilty but requested the court to instruct the

---

7. Shafer v. United States, 9 Cir., 179 F. 2d 929; Hood v. United States, 10 Cir., 78 F.2d 150; Lee Tung v. United States, 9 Cir., 7 F.2d 111, were all prosecutions under 21 U.S.C. § 174, for receiving, concealing, etc., narcotic drugs; see also United States v. Rodgers, 5 Cir., 1955, 218 F.2d 536 and Rodriguez v. United States, 5 Cir., 1955, 218 F.2d 810; Hill v. United States, 4 Cir., 42 F.2d 812–814 charged the smuggling and clandestine introduction into the United States of specifically described merchandise contrary to the provisions of section 593 of the Tariff Act. The court points out that the word "smuggle" has a well-understood meaning. Babb v. United States, 5 Cir., 210 F.2d 473, 474 does not discuss the point here involved or the Keck case. In addition, the indictment "alleged that the cattle were smuggled and clandestinely introduced into the United States, one of the counts said they were brought in without being inspected and invoiced as required by law, some of the counts said they were brought in from Mexico."

8. As was done in Gillespie v. United States, 2 Cir., 13 F.2d 736 and Estes v. United States, 8 Cir., 227 F. 818.

9. United States v. Toner, 3 Cir., 173 F. 2d 140; United States v. Hall, 2 Cir., 178 F.2d 853. The cases cited by appellee are distinguishable; Grunberg v. United States, 1 Cir., 145 F. 81, is out of harmony with Leroy, Toner and Hall, supra; in Richards v. United States, 10 Cir., 193 F.2d 554, there was no request that the jury be instructed not to consider; and in United States v. Falcone, 2 Cir., 109 F.2d 579 and United States v. Roll-

jury that they should not consider that fact for any purpose as bearing upon his guilt. We think this charge should have been given.[10] A defendant is entitled to have the question of his guilt determined upon the evidence against him, not on whether a Government witness or co-defendant has plead guilty to the same charge.

Reversed.

nick, 2 Cir., 91 F.2d 911, the jury was instructed not to consider the fact that the co-defendant had plead guilty.

10. Appellee says that the specification cannot be considered because no request for the charge was made in writing, as required by Rule 30, Federal Rules of

Criminal Procedure, 18 U.S.C. Appellant perfected his record by a formal bill of exceptions showing that he objected to the testimony in advance outside the presence of the jury, upon being overruled, requested the instruction not to consider which likewise was overruled. This was sufficient.