**William A. SCARBOROUGH,**
**Appellant,**
v.
**UNITED STATES of America,**
**Appellee.**
**No. 15492.**

United States Court of Appeals
Fifth Circuit.
April 20, 1956.

Robert W. Gwin, Birmingham, Ala., T. J. White, Gulfport, Miss., Beddow, Gwin & Embry, Birmingham, Ala., for appellant.

Atley A. Kitchings, Frank M. Johnson, Jr., U. S. Attys., Leon J. Hopper, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

The indictment charged a conspiracy, 18 U.S.C.A. § 371, extending "from, to-wit, the 1st day of July, 1953, to, to-wit, the 9th day of April, 1954", a period of approximately nine months and nine days, to violate the internal revenue laws relating to nontax paid whiskey. Twenty-four additional counts charged various substantive violations of such laws. The appellant was charged only in the conspiracy count, in which he was charged with having conspired with fourteen co-defendants, with eight named conspirators not indicted, "and with other persons unknown to the Grand Jurors." Among the alleged conspirators were five other persons surnamed Scarborough. The appellant was named in only two of the twenty overt acts alleged to have been committed pursuant to the conspiracy, both relating to the transportation of 694 gallons of nontax paid whiskey on February 6, 1954 at Bay St. Louis, Mississippi.[1]

---

1. "On February 6, 1954, at Crosby Dairy, owned and operated by William A. Scar- borough in Bay St. Louis, Mississippi, Scarborough, Thornburg, and Harold Nel-

At the outset of the appellant's trial, the United States Attorney announced that his fourteen co-defendants had already entered pleas of guilty, but that it would nevertheless be necessary to prove the entire conspiracy case. Much of the evidence thereafter introduced related to the conspiracy and the connection of various co-defendants therewith, as to which there was no disputed issue. There were other persons parties to the conspiracy whose identity had not been established. The witnesses whose testimony connected the appellant with the conspiracy were without exception, persons who had not theretofore known him; by some of the witnesses, his identity was established at night and under difficult circumstances.[2] Nevertheless, if their testimony was believed by the jury, it was ample to sustain the appellant's conviction.

The appellant testified in his own behalf that he knew nothing of the conspiracy; that over the past twenty years, seven days a week from about four o'clock in the morning until three or five o'clock in the afternoon, he had been engaged in the dairy distribution business in Bay St. Louis. His defense was corroborated by two of his co-defendants, a brother, Julius D. Scarborough, and Walter C. Scarborough, of the same surname but not related.

The appellant complains that he was denied a fair trial because statements made by a co-defendant, not in pursuance of the conspiracy and after the conspiracy had terminated, were improperly admitted in evidence over his objection and their subsequent exclusion did not cure the error; and, further, because the United States Attorney improperly asked the defendant on cross-examination if he had been convicted of manufacturing moonshine whiskey for which he had paid a fine, making it necessary for his counsel to concede that twenty years ago he had been so convicted of acts then constituting a misdemeanor. On each such occasion the district court overruled the appellant's motion for a mistrial.

When appellant chose to exercise his constitutional right of pleading not guilty, after his fourteen co-defendants had entered pleas of guilty, only the utmost care and caution on the part of Government counsel and of the court could assure him a fair and impartial trial. Special Investigator Hart had arrested one of the co-defendants, Harold Nelson, at about 1:00 o'clock on the morning of April 10, 1954.[3] Over the appellant's objection, he was permitted to testify that after his arrest Nelson had said that he got all of the whiskey from J. D. Scarborough and from his brother, William A. Scarborough, the appellant. After another witness had testified and after a noon recess, the court reversed its earlier ruling and excluded the evidence.[4]

There was no excuse for this evidence to be placed before the jury in

---

son loaded about 694 gallons of nontax-paid whiskey from a 1952 green Chevrolet two-ton truck, bearing Mississippi License P/20 504, into the GMC truck-trailer.

"On February 6, 1954, at Bay St. Louis, Mississippi, William A. Scarborough, in his Chevrolet truck, led and escorted Thornburg in the GMC trailer-truck and 694 gallons of nontax-paid whiskey from his dairy to the Bay St. Louis Highway Bridge."

2. See testimony of Eugene Thornburg, Rec. pp. 55–58, 63; of J. B. Burson, Jr., Rec. pp. 102, 116, 117, 146; and of Marvin H. Dunn, Rec. pp. 247–250, 260.

3. The indictment alleged that the conspiracy terminated the previous day. In

any event, after his arrest, this co-defendant was no longer a party to the conspiracy nor were his statements in furtherance thereof.

4. "Gentlemen, there was a ruling made when Mr. Hart was on the witness stand. I am going to ask the Court Reporter to read the question and the objection and the answer there that I want to change my ruling on, so you will know what we are talking about.

"(The record was read as follows):

"'Q. Go ahead and tell what he said. A. Nelson said that he had gotten all of the whiskey from J. D. Scarborough and his brother.

"'Q. Did you know, or do you know of your own knowledge whether or not

the first place. It is now horn-book law that statements of alleged co-conspirators made outside the presence of the defendant are not admissible against him, unless made during the progress of the conspiracy and in furtherance of its objects.[5] Under the peculiar circumstances of this case, we think that such evidence was so impressive that its prejudicial effect could not be removed from the minds of the jury by its subsequent, but tardy, exclusion and by the instruction of the court to disregard it.[6]

█ If the question asked the defendant on cross-examination by the United States Attorney related to a conviction for a misdemeanor some twenty years before the present charge, it should not be repeated upon another trial.[7]

For the error indicated, the judgment is reversed and the case remanded for another trial.

Reversed and remanded.

---

the Defendant here, William A. Scarborough, is a brother to J. D. Scarborough? A. That is correct.'

"The Court: I will exclude that portion of that statement by Mr. Hart. The statement was purported to have been made by Harold M. Nelson to Mr. Hart. That portion which says, where he recites what Mr. Nelson said to him, that he got the whiskey from J. D. Scarborough and his brother, now that is excluded for your consideration. And when the evidence is excluded it is the same as it never was in the case; put it out of your mind. That's the end of it.

"There is one other place down there that he made a statement too.

"(The record was read as follows):

" 'Go ahead and answer. A. He said that he had paid J. D. Scarborough for the whiskey, even after it had been seized by the officers, and that the whiskey was loaded there at this place where W. A. Scarborough was operating the dairy business.'

"The Court: That statement in which he says the whiskey was loaded there where W. A. Scarborough was operating a dairy is also excluded from your consideration.

"That was a statement purportedly made by Mr. Harold Nelson to Mr. Hart. The rule requires, of course, that before a statement of an alleged co-conspirator is admissible in evidence that it must be in furtherance of the conspiracy.

"The Court is excluding those statements from your consideration. They are not in the case. You will disregard them as though they had never been brought in here."

5. "Doubtless, in all cases of conspiracy, the act of one conspirator in the prosecution of the enterprise is considered the act of all, and is evidence against all. United States v. Gooding, 12 Wheat. 460, 469 [6 L.Ed. 693]. But only those acts and declarations are admissible under this rule which are done and made while the conspiracy is pending, and in furtherance of its object. After the conspiracy has come to an end, whether by success or by failure, the admissions of one conspirator, by way of narrative of past facts, are not admissible in evidence against the others." Logan v. United States, 144 U.S. 263, 308, 309, 12 S.Ct. 617, 632, 36 L.Ed. 429. See also, 11 Am.Jur., Conspiracy, § 41; Sixth Amendment to Constitution; 14 Am.Jur., Criminal Law, § 181.

6. See Throckmorton v. Holt, 180 U.S. 552, 567, 21 S.Ct. 474, 45 L.Ed. 663; Mora v. United States, 5 Cir., 190 F.2d 749, 752, 753; 5 C.J.S., Appeal and Error, § 1737, pp. 1032, 1033.

7. See Burt v. United States, 5 Cir., 139 F.2d 73, 75; Lloyd v. United States, 5 Cir., 226 F.2d 9, 18; Lindsey v. United States, 5 Cir., 227 F.2d 113, 117.