UNITED STATES of America,
Appellee,

v.

Ottis Mayo JONES, Appellant.

No. 9479.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 6, 1965.

Decided Jan. 11, 1965.

Richard G. Joynt, Richmond, Va. (Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., on brief), for appellant.

William Medford, U. S. Atty. (Joseph R. Cruciani, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN, Circuit Judge, and HUTCHESON, District Judge.

PER CURIAM:

Appellant Jones, whose residence was Baltimore, Maryland, was convicted under 18 U.S.C. § 2312 of transporting in interstate commerce two stolen automobiles, one from Kalamazoo, Michigan, and one from New Orleans, Louisiana, to Charlotte, North Carolina, knowing each car to have been stolen. Possession of each car had been originally acquired by Jones by virtue of a rental agreement from a car rental agency, one in Kalamazoo and one in New Orleans. Certain misrepresentations were made by Jones at the time the agreements were executed, particularly with reference to his occupation and the name and fictitious address of his alleged employer.

The theory of the prosecution was that at the time Jones obtained possession of these cars, it was his intent to convert

each to his own use;[1] that all of the ensuing circumstances and course of conduct of the defendant constituted sufficient proof of such intent.

Two days after renting the second car, the defendant appeared in Huntsville, Alabama, gave a false address as his Alabama residence and, upon this false representation, secured an Alabama title and Alabama license tags for each car. Seven days later he appeared in Ohio and, with false bills of sale and the Alabama titles, secured an Ohio title and license tags for each car. The evidence disclosed that a short time later Jones was found operating a real estate agency under an assumed name in Charlotte, North Carolina, that he was then and there in possession of both cars and sold one of them at a car auction sale for $1400.

The principal assignment of error is that the court, in its charge, inadvertently told the jury that it was the government's contention that after the second car had been procured in New Orleans, the cars next appeared in Madison County, Alabama, where Jones secured the titles and license plates. While there was positive testimony that Jones was in Alabama and personally applied for the titles and licenses, there was no direct evidence that the cars were there nor was it, in fact, the prosecution's contention that the cars were actually in Alabama at the time the titles were procured. Defendant contends that his defense was based largely upon the fact that the Government could present no evidence of interstate transportation after the titles and license tags were procured in Alabama and Ohio, the very first acts indicating any intention of Jones to convert the cars to his own use; that, even though the defendant himself was in Alabama, there was no evidence that the cars were there and the jury would have been justified in inferring that the cars were in North Carolina before Jones formed the intention to steal them, even assuming that he did steal them; that if he transported the cars to North Carolina before he decided to convert them to his own use, he is not guilty of the statutory offense of interstate transportation with knowledge that the cars were stolen.

In view of all the evidence and upon consideration of the court's charge as a whole, we think the jury could not have been misled to the defendant's prejudice through this inadvertence. The court charged the jury at length, fully and correctly presenting the government's theory except in this one particular. It was made perfectly clear that, in order to convict, the jury must find beyond a reasonable doubt that the intention to steal the cars was formed at the time possession was obtained from the rental agencies and before any interstate transportation. The misrepresentation at the time the cars were first obtained, the illegal procurement of Alabama and Ohio titles and licenses, the effort to conceal his identity by operating under an assumed name, the sale of one car by the defendant as his own property, were related circumstances all bearing upon intent and which would support a jury finding that the intent to convert the cars to his own use was present when the cars were first obtained.

There was no objection to the charge yet it is urged that this inadvertent statement of the court to the jury was error affecting substantial rights of the defendant which commands reversal and should be noticed by this court under Rule 52(b) F.R.Crim.P. even in the absence of objection. Rule 30 F.R.Crim.P. provides that no party may assign as error any portion of the charge unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Had this inadvertence been called to the court's attention, the court undoubtedly would have corrected it before the jury began its

1. See Boone v. United States, 235 F.2d 939 (4 Cir. 1956); and United States v. Turley, 352 U.S. 407, 411, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957), defining the word "stolen" as used in 18 U.S.C. § 2312.

deliberations. The very purpose of Rule 30 is to require defendant to make timely objection or forfeit all right to later complain.

Other assertions of error have been fully considered and found to be without merit.

Affirmed.