Frank Doran HUIZAR, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21433.

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1964.

Rehearing Denied Jan. 5, 1965.
Certiorari Denied March 29, 1965.
See 85 S.Ct. 1099.

Frank Doran Huizar, pro se.

Henry Valdespino, Asst. U. S. Atty., Ernest Morgan, U. S. Atty., Western Dist. of Texas, San Antonio, Tex., for appellee.

Before RIVES and BROWN, Circuit Judges, and GARZA, District Judge.

PER CURIAM.

Huizar was indicted in three counts. The first charged that on or about March 27, 1957, in Bexar County, Texas, he knowingly and fraudulently received, concealed and facilitated the transportation and concealment of 150 grains of heroin after it had been imported and brought into the United States contrary to law, and that he then knew said narcotic drug had been imported and brought into the United States contrary to law.

The second count was in similar terms, except that it related to the succeeding day, March 28, 1957, and to a different quantity of heroin, 140 grains instead of 150 grains.

The third count was in similar terms, but related to another date, April 1, 1957, and to a different quantity of heroin, 126 grains.

With the consent of the United States and the approval of the court, Huizar waived a jury trial in writing. See Rule 23(a), Fed.Rules of Crim.Procedure. On trial to the court without a jury, he was found guilty under all three counts. The court sentenced him to 10 years imprisonment under the first count, 10 years under the second count to begin at the expiration of the sentence imposed under the first count, and 10 years under the third count to run concurrently with the sentence imposed under the second count. Huizar was represented by an attorney of his own choice. His attorney duly filed a motion for new trial, which was overruled on June 2, 1958. On June 11, 1958, his attorney filed a notice of appeal. On July 21, the district court entered an order extending the time for filing the record for a period of 50 days from that date. Nonetheless, the appellant wholly failed to file the record, and on December 15, 1958 this Court entered an order dismissing the appeal for want of prosecution. Later this Court denied a motion to reinstate the appeal, and still later denied an application to appeal in forma pauperis.

The district court on December 4, 1963 permitted Huizar to file a section 2255 motion to vacate the sentence and to file said motion in forma pauperis, but, being of the opinion that the files and records of the case conclusively showed that Huizar is entitled to no relief, denied his motion. The present appeal is from such denial.

We briefly respond to each of the contentions presented on this appeal.

■ (1) The district court did not commit reversible error in refusing to appoint counsel to assist Mr. Huizar in the presentation of his motion under Title 28, United States Code, § 2255. See Nivens v. United States, 5 Cir. 1943, 139 F.2d 226, 228.

■ (2) The omission of the citation of the statute, which Huizar was alleged to have violated, from the body of the indictment (there was such a citation at the head of the indictment, "Vio. 21 U.S.C. 174") was not grounds for dismissal of the indictment, as such omission did not mislead the defendant to his prejudice. See Rule 7, Fed.Rules of Crim.Procedure.

■■ Further, it must be remembered that a sentence will not be vacated on motion under 28 U.S.C.A. § 2255 unless it is subject to collateral attack. On such a motion, the indictment is not to be questioned by the proprieties of pleading, but by whether it is so defective, under any reasonable construction, as not to charge a criminal offense. Elchuk v. United States, 5 Cir. 1961, 296 F.2d 723, 724, vacated on other grounds, 370 U.S. 722, 82 S.Ct. 1574, 8 L.Ed.2d 802; numerous cases collected in Note 260, 28 U.S.C.A. § 2255. So tested, each count of the indictment adequately apprised the defendant of the offense with which he was charged and sufficiently charged the commission of the criminal offense.

For purposes of the present test, it was not necessary that the indictment show the name of the person who illegally imported the narcotic. Compare Borroto v. United States, 5 Cir., 338 F.2d 60, decided November 2, 1964, ms., and cases there cited. See United States v. Rodgers, 5 Cir. 1955, 218 F.2d 536, 537.

(3) The appellant insists that the Government had to prove illegal importation of the narcotic drug to convict the appellant of the violation of 21 U.S.C. § 174, as charged. That section provides, however, that,

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

See also Aeby v. United States, 5 Cir. 1953, 206 F.2d 296.

No error appears in the judgment denying the section 2255 motion and the judgment is

Affirmed.