Ottis Mayo JONES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 10339.

United States Court of Appeals Fourth Circuit.

Submitted on Briefs March 18, 1966.

Decided Aug. 1, 1966.

William Medford, U. S. Atty., and Joseph R. Cruciani, Asst. U. S. Atty., on the brief for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BRYAN, Circuit Judges.

PER CURIAM:

Ottis Mayo Jones appeals the denial of his § 2255 motion by the District Court for the Western District of North Carolina (Circuit Judge Bell, sitting by designation).

■ Jones complains, in essence, that the court below should not have confined its inquiry to the single claim of knowing use of perjured testimony by the prosecution. As the other claims involved issues touching upon guilt or innocence and were fully litigated previously at his trial and on appeal to this court,[1] there is no error in this decision.

■■ The perjured testimony claim was not proven.[2] Its denial was plainly correct.

Related claims of error have also been considered and found frivolous.

Affirmed.

Ottis Mayo Jones on the brief for appellant pro se.

1. United States v. Jones, 4 Cir., 340 F. 2d 599.

2. As disclosed in our earlier opinion, in renting the two cars, Jones represented that he was an employee of an insurance company. At his trial, an official of that company testified he was not and never had been "employed" by that company. General agents were not classified as employees, however, and he had not informed himself whether Jones had been such an agent. After a telephonic inquiry, he retook the stand to testify that Jones had not been.

At the postconviction hearing, it appeared that Jones had been an agent of that company for a few weeks in 1953, ten years before he obtained possession of the automobiles. Jones admitted that he had not acted in that capacity since 1953, but contended he had not received written notice of cancellation of the agreement (there was testimony that such notice was mailed to him in 1953) and was still an authorized agent of the insurance company.

These circumstances fall far short of compelling a finding that the witness deliberately falsified the facts, rather than being mistaken, and that the prosecution was aware of it.

Moreover, it was a substantial irrelevance. Even if Jones' attenuated theory of continuing technical authorization were accepted, implicit in his representation to the automobile owners was a claim that that was his current occupation or employment.

Of course, that misrepresentation was not the only or clearest badge of his fraud. His subsequent procurement of false titles and Alabama and Ohio registrations and his attempt to sell one of the vehicles thoroughly belie his present assertions of complete innocence in acquiring possession of these automobiles.