Leon **BEARDEN**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 25821.

United States Court of Appeals
Fifth Circuit.

Nov. 5, 1968.

Certiorari Denied Feb. 24, 1969.

See 89 S.Ct. 920.

Bruce Dixie Smith, Houston, Tex., for appellant, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., of counsel.

Ray Caballero, Asst. U. S. Atty., Ernest Morgan, U. S. Atty., El Paso, Tex., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

RIVES, Circuit Judge:

Leon Bearden is now serving a twenty-year sentence for the crime of obstructing interstate commerce. 18 U.S.C. § 1951. His case has been before this Court many times.[1] The present appeal is from the district court's denial of Bearden's second motion to vacate.[2] The contentions on appeal are

---

1. See Bearden v. United States, 5 Cir. 1962, 304 F.2d 532, rehearing denied, 307 F.2d 506 (affirming conviction on three counts: kidnapping, interstate transportation of a stolen airplane, and obstruction of commerce), vacated and remanded for oral reargument, 372 U.S. 252, 83 S.Ct. 875, 9 L.Ed.2d 732 (1963). On reconsideration, Bearden v. United States, 5 Cir. 1963, 320 F.2d 99 (affirming obstruction of commerce charge; reversing other two), cert. denied, 376 U.S. 922, 84 S.Ct. 679, 11 L.Ed.2d 616 (1964). Prior motion to vacate pursuant to 28 U.S.C.A. § 2255 denied by district court. Appeal therefrom denied, Bearden v. United States, 5 Cir. 1965 (Misc. No. 310, Dec. 8, 1965), cert. denied, 385 U.S. 856, 87 S.Ct. 104, 17 L.Ed.2d 83 (1966). The government, in its brief, alludes to the fact that appellant had brought these same points before at least ten reviewing courts. It should be noted, however, that the mere number of times an appellant has appeared is not dispositive of a case. See Massey v. Moore, 1954, 348 U.S. 105, 75 S.Ct. 145, 99 L.Ed. 135, reversing, 5 Cir. 1953, 205 F.2d 665.

2. Made pursuant to 28 U.S.C.A. § 2255. There is no indication that the district court's denial of an evidentiary hearing was predicated upon the discretionary refusal to rehear provisions of § 2255.

stated in the brief of Bearden's appointed counsel, as follows:

"When eye witnesses to the alleged crime were permitted, over objections, to deliberate as and with jurors in the secrecy of the jury room, Bearden was denied his constitutional rights to (a) trial by jury; (b) trial by fair and impartial jury; (c) public trial; (d) confront the witnesses; (e) due process of law.

"Bearden was denied 'substantive rights' at his trial and [it] constituted plain error when the jury was improperly permitted to view petitioner's co-defendant pleading guilty at the beginning of the trial."

The facts alleged in the motion in support of the first contention are the same as those which formed the basis of Bearden's motion for change of venue, the denial of which was affirmed by this Court.[3] This Court also ruled against Bearden on direct appeal as to the second contention.[4] Nonetheless, Bearden's present section 2255 motion is not barred by res judicata for that doctrine is not applicable to habeas corpus petitions or to section 2255 motions. Heflin v. United States, 1959, 358 U.S. 415, 420, 79 S.Ct. 451, 3 L.Ed.

2d 407; Salinger v. Loisel, 1924, 265 U.S. 224, 230, 44 S.Ct. 519, 68 L.Ed. 989; Birchfield v. United States, 5 Cir. 1961, 296 F.2d 120, 122.

That is not to say, however, that every defendant who has been unsuccessful on appeal can compel a re-trial of the same issues in a collateral proceeding, since the courts in post-conviction relief applications may exercise a sound judicial discretion to decline to re-try issues fully and finally litigated in the proceedings leading to judgment of conviction and direct appeal therefrom. Del Genio v. United States, 5 Cir. 1965, 352 F.2d 304 (per curiam); compare Porter v. United States, 5 Cir. 1962, 298 F.2d 461, 464.[5]

Applying the above approach, we conclude that the "prejudicial publicity" issue was adequately neutralized by the trial judge's instructions to and interrogation of the veniremen before the jury selection process was initiated. This same point was fully and finally litigated on direct appeal from denial of the motion for change of venue and was decided adversely to Bearden. While appellant's counsel has argued that a substantially different case law standard has subsequently evolved[6] compelling this Court

See Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Hallowell v. United States, 5 Cir. 1952, 197 F.2d 926, 928. Cf. Report of Judicial Conference Committee on Habeas Corpus, 33 F.R.D. 363 (1964) (suggested procedure for handling § 2255 motions).

3. See Bearden v. United States, 5 Cir. 1963, 320 F.2d 99, 101–103, cert. denied, 376 U.S. 922, 84 S.Ct. 679, 11 L.Ed.2d 616 (1964).

4. 320 F.2d at 103, 104. But see 304 F.2d at 539–540. The later opinion did not discuss the judicial comment in the charge which was earlier treated in the writer's dissent.

5. See, e. g., Stein v. United States, 9 Cir. 1968, 390 F.2d 625; Baca v. United States, 10 Cir. 1967, 383 F.2d 154, cert. denied, 390 U.S. 929, 88 S.Ct. 868, 19 L.Ed.2d 994; Castellana v. United States, 2 Cir. 1967, 378 F.2d 231; De Welles v. United States, 7 Cir. 1967, 372 F.2d 67, cert. denied, 388 U.S. 919, 87 S.Ct.

2140, 18 L.Ed.2d 1365; Jones v. United States, 4 Cir. 1966, 364 F.2d 502, cert. denied, 385 U.S. 1014, 87 S.Ct. 727, 17 L.Ed.2d 550; Smith v. United States, 8 Cir. 1966, 356 F.2d 868, cert. denied, 385 U.S. 820, 87 S.Ct. 44, 17 L.Ed.2d 58; Lampe v. United States, D.C. Cir. 1960, 288 F.2d 881, cert. denied, 368 U.S. 958 82 S.Ct. 400, 7 L.Ed.2d 389. Compare Townsend v. Sain, 1963, 372 U.S. 293, 312–318, 83 S.Ct. 745, 9 L.Ed.2d 770. Cf. ABA, Minimum Standards for Criminal Justice, Post-Conviction Remedies §§ 2.1(a) and 6.1(a) pp. 9, 19–20, 32–39, 85–90 (Tent. Draft 1967).

6. See Sheppard v. Maxwell, 1966, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600; Estes v. State of Texas, 1965, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543; see also Rubenstein v. State, Tex.Crim. App.1966, 407 S.W.2d 793. Cf. ABA, Minimum Standards for Criminal Justice, Fair Trial and Free Press 19–45 (Tent. Draft 1966).

to reconsider Bearden's contentions, we find each of the later cases relied on to be distinguishable. The prejudicial publicity which made the trial unfair in those cases occurred immediately before and during the trial and involved editorial comment urging conviction to assuage public outrage. Under some circumstances, observation of an event,[7] whether on-the-scene or via live television coverage, might not impair the judgment of a prospective juror to the extent that the test of Irvin v. Dowd, 1961, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751, cannot insure selection of a fair and impartial jury.[8] The Supreme Court has heretofore rejected the theory that *any* exposure of a juror to information acquired outside the courtroom would make that juror per se partial. United States ex rel. Darcy v. Handy, 1956, 351 U.S. 454, 462, 76 S.Ct. 965, 100 L.Ed. 1331. The rationale is premised upon simple practicality. Reynolds v. United States, 1878, 98 U.S. 145, 155–156, 25 L.Ed. 244, and the burden is on Bearden to show that essential unfairness occurred not as a matter of speculation, but as a demonstrable reality. Adams v. United States ex rel. McCann, 1942, 317 U.S. 269, 281, 63 S.Ct. 236, 87 L.Ed. 268. We, therefore, adhere to our earlier decision on this issue. Del Genio v. United States, supra.

A re-examination of some of the facts will indicate why we are more concerned with the jury's observation of the son's guilty plea and the judge's comment in his jury charge recapitulating the plea circumstances without any cautionary instruction.

Leon Bearden and his son, Cody, were jointly indicted. They appeared for arraignment together and were individually identified to the veniremen by the court. During a recess for lunch after empaneling the jury, the government agreed to dismiss the original indictment as to the son if he would plead guilty to "juvenile delinquency."

With the jury in the box, father and son were arraigned together. Cody Bearden was instructed on his option to be charged either as a juvenile or as an adult felon, and he expressed his preference for the former. He was then read a newly drafted charge which, but for the preface invoking the Federal Juvenile Delinquency Act,[9] was substantially identical to the original joint indictment. He stated that he understood the charge and then plead guilty, admitting participation in the kidnapping, interstate transportation of a stolen airplane, and obstruction of commerce. The government was then granted a dismissal of the original indictment as to the son.

---

7. The record and arguments of counsel indicate that the jurors' eye-witness observation was limited to the runway chase alone. They saw, whether on-the-scene or via live television, law enforcement off'cers chase the airliner down the runway at high speed and finally disable it by shooting out the tires and into the engines. There was no denial in the evidence of any of such events nor of Bearden's connection with them. To the contrary, Bearden took the stand and admitted that he did take over the plane.

8. Bearden's counsel sought to have this Court distinguish between the prospective juror who was an eye-witness, whether on-the-scene or via live television, and those who have merely observed an after-the-fact video-tape narration of the incident. He theorized that the emotional impact upon the eye-witness will have an indelible prejudicial effect which should result in automatic exclusion of such a venireman from the panel trying one charged with the criminal act observed. *Such an argument might be persuasive in the context of a more inflammatory offense accompanied by prejudicial news media comment thereon.* See Note, Fair Trial and Free Press: The Psychological Effect of Pre-trial Publicity on the Juror's Ability to be Impartial; A Plea for Reform, 38 S.Cal. L.Rev. 672 (1965). But no such incident was here involved, no such argument was presented in the motion for change of venue, and no objection based thereon was raised after empaneling the jury. Cf. ABA, Fair Trial and Free Press, supra, at § 3.4(b), pp. 130–138.

9. 18 U.S.C. § 5031 et seq.

Immediately thereafter, Leon Bearden was arraigned; he was read the original indictment, and he plead "not guilty." The jury then heard his case.

At the conclusion of the arguments to the jury, the court charged the jury, including therein a reference to the son's earlier guilty plea,[10] and gave no cautionary instruction to disregard the plea.

In considering this issue on direct appeal, this Court acknowledged the continued vitality of its rule enunciated in Scarborough v. United States, 5 Cir. 1956, 232 F.2d 412, and Babb v. United States, 5 Cir. 1955, 218 F.2d 538.[11] Notwithstanding the *Scarborough-Babb* rule, we held the jury's observation of the son's guilty plea and the failure of the court to give cautionary instructions in the charge were "harmless" error. Fed.R.Crim.P. 52(a).

We observed that the failure of the trial court to give a cautionary charge to the jury to disregard the observed

plea *might have* constituted "plain error" cognizable under Fed.R.Crim.P. 52(b), but for the facts that the defendant made no motion thereon or objected thereto, we had already reversed the life sentence, and the evidence of Bearden's guilt was "overwhelming."[12] That opinion reflected no consideration of the judicial comment on Cody Bearden's plea, although it had been, *inter alia*, the basis for dissent in the earlier decision vacated for want of equal oral argument opportunity. See Bearden v. United States, 5 Cir. 1962, 304 F.2d 532, 539 (dissent), rehearing denied, 307 F.2d 506, vacated and remanded, 372 U.S. 252, 83 S.Ct. 875, 9 L.Ed.2d 732 (1963). Certainly, the observation together with the judicial comment thereon, reinforces the possibility of the applicability of the "plain error" rule.

While this Court has many times refused to permit error to be raised for the first time on appeal,[13] it has also

---

10. The charge included, *inter alia*, the following comment:

"The indictment was returned charging this defendant and his son, Cody Bearden, with kidnapping, conspiracy, transporting a stolen airplane in interstate commerce, and obstruction of commerce. *The son, Cody Bearden has entered a plea of guilty* to an information filed by the United States Attorney. Now the indictment as to him has been dismissed, and the government has also dismissed the conspiracy count in the indictment and part of the count in regard to obstruction of commerce on the part of the defendant, Leon Bearden." (Emphasis added.)

11. In *Babb*, the court stated: "A defendant is entitled to have the question of his guilt determined upon the evidence against him, not on whether a Government witness or co-defendant has plead guilty to the same charge." 218 F.2d at 542. The court observed in *Scarborough*, a case where one co-defendant out of fourteen chose to plead "not guilty," that " * * * only the utmost care and caution on the part of Government counsel and of the court could assure him a fair and impartial trial." 232 F.2d at 414. See 320 F.2d at 103.

12. "No motion was made on behalf of the appellant in connection with this

phase of the trial. If we were not reversing the life sentence under count one we might consider the failure of the court to caution the jury as plain error denying appellant substantial justice. However, in view of the failure of counsel to raise the point and in view of the fact that the evidence of appellant's guilt under count six is overwhelming, we think we should disregard this failure of the court as not "affecting substantial rights." 320 F.2d at 103–104.

13. See, e. g., Kyle v. United States, 5 Cir.1968, 402 F.2d 443; Samuels v. United States, 5 Cir. 1968, 398 F.2d 964. This rule is based upon longstanding Supreme Court precedent that an error not preserved by objection at trial will not be heard initially on appeal in the absence of a showing of exceptional circumstances affecting fairness, integrity or public reputation of the courts, United States v. Socony-Vacuum Oil Co., 1940, 310 U.S. 150, 239, 60 S.Ct. 811, 84 L.Ed. 1129; or where obvious error on the record exists, United States v. Atkinson, 1936, 297 U.S. 157, 159, 56 S.Ct. 391, 80 L.Ed. 555. There is a sound policy reason for the rule: a litigant should not be allowed to gamble for a favorable verdict where he should have raised objection which may have been correctable by the trial judge, yet "re-

consistently emphasized a willingness to carefully scrutinize the record for plain errors affecting substantial rights which are noticeable under Fed.R.Crim.P. 52 (b), notwithstanding lack of objection. See e. g., Rivers v. United States, 5 Cir. 1968, 400 F.2d 935; Alexander v. United States, 5 Cir. 1968, 390 F.2d 101, 103 n. 3. Moreover Fed.R.Crim. P. 30, precluding assignment of error as to any portion of a jury charge not objected to before the jury retires, will not bar invocation of Rule 52(b) where instructions have resulted in a miscarriage of justice. Braswell v. United States, 5 Cir. 1952, 200 F.2d 597. See Herzog v. United States, 9 Cir. 1956, 235 F.2d 664, cert. denied, 352 U.S. 844, 77 S.Ct. 54, 1 L.Ed.2d 59. See also 8 Moore's, Federal Practice, 2d ed. 1968, ¶ 52.03[2] p. 52–9. Nevertheless, the advice of Mr. Justice Frankfurter should be considered before disregarding Rule 30 in favor of a sua sponte invocation of Rule 52(b):

"In reviewing criminal cases it is particularly important for appellate courts to re-live the whole trial imaginatively and not to extract from episodes in isolation abstract questions of evidence and procedure. To turn a criminal appeal into a quest for error no more promotes the ends of justice than to acquiesce in low standards of criminal prosecution."

Johnson v. United States, 1943, 318 U.S. 189, 202, 63 S.Ct. 549, 555, 87 L.Ed. 704.

On direct appeal, this Court concluded that the jury's observation of

Cody Bearden's plea was not proscribed by the *Scarborough-Babb* rule, 320 F.2d at 103. We agree. Moreover, the inclusion in the charge of the comment on the joint indictment and the son's plea was no more than a chronological narrative, unfortunate perhaps,[14] but the language used in this instance was devoid of prejudicial intent or impact. Compare Trussell v. United States, 6 Cir. 1960, 278 F.2d 478, 480; United States v. Toner, 3 Cir. 1949, 173 F.2d 140. See United States v. Wilcher, 7 Cir. 1964, 332 F.2d 117, 120–121; 4 Barron & Holtzoff, Federal Practice, Wright ed., § 2583, pp. 498–499. Certainly, it fails to rise to the level of judicial unfairness condemned in Quercia v. United States, 1933, 289 U.S. 466, 53 S.Ct. 698, 77 L. Ed. 1321; nor does the comment amount to even an expression of opinion as to guilt of the accused. Cf. Kyle v. United States, 5 Cir. 1968, 402 F.2d 443.

We earlier concluded that Bearden's guilt was established by the "overwhelming" weight of the evidence. 320 F.2d at 104. The "overwhelming evidence" standard has recently been condemned when constitutionally protected rights are at issue. Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705.[15] But evidence of guilt in this case was so clear and undisputed that we conclude the jury's observation of the son's plea and the unnecessary comment thereon in the charge were "harmless beyond a reasonable doubt." Chapman v. State of California, supra, 386 U.S. at

---

serve" the error for use on appeal should the verdict be adverse. See Stewart v. United States, D.C. Cir. 1957, 247 F.2d 42, 56.

14. Government counsel, on oral argument in this section 2255 case, candidly admitted that the opportunity for the jurors to witness the son's guilty plea was "certainly not a good practice." Likewise, any judicial allusion to the history of parallel cases in its charge is both unnecessary and dangerous, "for a judge may not direct a verdict of guilty no matter how conclusive the evidence." United Brotherhood of Carpenters v.

United States, 1947, 330 U.S. 395, 408, 67 S.Ct. 775, 91 L.Ed. 973.

15. The *Chapman* decision indicated that "some constitutional rights are so basic to a fair trial that their infraction can never be treated as harmless error * * *." 386 U.S. at 23 n. 8, 87 S.Ct. at 827. See Anderson v. Nelson, Warden, 1968, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81, rehearing denied, 391 U.S. 929, 88 S.Ct. 1812, 20 L.Ed.2d 670; Fontaine v. California, 1968, 390 U.S. 593, 88 S.Ct. 1229, 20 L.Ed.2d 154, rehearing denied, 391 U.S. 929, 88 S.Ct. 1813, 20 L.Ed.2d 670.

23–24, 87 S.Ct. 824; see Fahy v. State of Connecticut, 1963, 375 U.S. 85, 86–87, 84 S.Ct. 229, 11 L.Ed.2d 171. The judgment is therefore

Affirmed.