**David LAWRENCE, Petitioner-Appellant,**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 30335**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 8, 1971.

As Amended June 21, 1971.

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

David Lawrence, in pro. per.

Earl Faircloth, Atty. Gen., Arden M. Siegendorf, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a Florida state prisoner for a writ of habeas corpus. We affirm in part and remand in part.

Appellant was convicted on two indictments of robbery and was sentenced to two consecutive sentences of eight years each. The convictions were affirmed in Lawrence v. State, Fla.App.1961, 181 So.2d 572, cert. denied, Fla.1966, 188 So.2d 823.

 In his habeas petition filed in the court below appellant alleged two grounds for relief. He first contended that he was denied due process when two co-conspirators who had previously pled guilty were called by the state at trial and subsequently refused to testify, claiming their Fifth Amendment right to remain silent. This circuit has clearly adopted the rule that the prosecution may not deliberately call a witness closely identified with the defendant, knowing that the witness will assert his right to remain silent. San Fratello v. United States, 5 Cir. 1965, 340 F.2d 560. However, the burden is on the defendant to show that he was prejudiced by such conduct on the part of the prosecution. San Fratello v. United States, *supra*. In the instant case the court found that assuming the introduction of the testimony was error and was not waived, the effect was not so substantial as to deprive appellant of any of his constitutional rights. In support of this conclusion the court noted that at the trial appellant was positively identified by both victims and a third co-conspirator who did testify. A review of the record reveals no clear error in these findings of the district court. The court's judgment on this issue must therefore be affirmed.

 Appellant's second contention is that he was prejudiced when the prosecution made it known to the jury that the other co-defendants had entered guilty pleas. Such conduct on the part of the prosecution is in violation of the *Scarborough-Babb* rule. *See* Bearden v. United States, 5 Cir. 1968, 403 F.2d 782; Bearden v. United States, 5 Cir. 1963, 320 F.2d 99; Scarborough v. United States, 5 Cir. 1956, 232 F.2d 412; Babb v. United States, 5 Cir. 1955, 218 F.2d 538. The district court did not consider this allegation of error, and we therefore do not know whether the alleged prosecutorial miconduct occurred. However, assuming that the misconduct did occur, we find defendant is entitled to no relief. The *Scarborough-Babb* rule is merely an evidentiary rule of federal procedure and has never been held to be of constitutional dimensions per se. In order for mere evidentiary mistakes to rise to a constitutional plane, authorizing the grant of a federal writ of habeas corpus, the mistake "must be material in the sense of a crucial, critical, highly significant factor." Luna v. Beto, 5 Cir. 1968, 395 F.2d 35, 41, cert. denied, 394 U.S. 966, 89 S.Ct. 1310, 22 L.Ed.2d 568. On the record before us we cannot say that the prosecutrix's comment regarding co-defendant's guilty pleas, if such occurred, could reach

this level of prejudice. The trial court noticed the evidence of defendant's guilt was overwhelming, and in such a case, information as to guilty pleas of others can hardly be considered "crucial," "critical," or "highly significant." In short, assuming that the complained of conduct occurred, we are unable to conclude that defendant was denied due process of law which is necessary before the federal writ of habeas corpus is authorized.

For the foregoing reasons the judgment of the district court denying the writ is affirmed.

Affirmed.