**UNITED STATES of America,
Appellee,**

v.

**Edward M. OSTENDORFF, Appellant.
No. 10353.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 5, 1966.

Decided Jan. 9, 1967.

Certiorari Denied March 27, 1967.
See 87 S.Ct. 1286.

P. Bradley Morrah, Jr., Greenville, S. C. (Ernest J. Howard, Greenville, S. C., on brief), for appellant.

Charles S. Porter, Asst. U. S. Atty. (Terrell L. Glenn, U. S. Atty., on brief), for appellee.

Before SOBELOFF, BELL and CRAVEN, Circuit Judges.

CRAVEN, Circuit Judge:

Admitting his failure to file income tax returns for the years 1959, 1960, and 1961, and his duty to file them, Edward M. Ostendorff insisted in the district court that he was nevertheless innocent of violations of 26 U.S.C.A. Section 7203 because his failure to file returns was not "willful." Convicted by a jury upon each of three counts, he now appeals to this court from the judgment of the district court requiring that he serve six months in the penitentiary and pay a fine of $2,500.00 and assigns numerous errors.

To sustain its burden of proof under Section 7203 of Title 26 of the United States Code, it was necessary that the government establish three elements constituting the offense described in the statute: (1) that the defendant was required by law to file a tax return for the year in question, (2) that he failed to timely file such tax return, and (3) that the failure was a willful failure. Because of defendant's stipulation, only the last element was submitted to the jury: whether the failure was willful.

The evidence offered by the government was ample to support the jury determination of willfulness. Ostendorff and his wife filed individual tax returns for three previous years: 1956, 1957, and 1958. He is a college graduate with some special knowledge of accounting and insurance. His business experience was extensive and his enterprises very largely successful, as indicated by gross incomes of $68,000.00 in 1959, $79,000.00 in 1960, and $74,000.00 in 1961. He testified that he "of course" knew that the law required him to file tax returns. His excuse for failure to do so was expressed by him in an interview with an agent of the Internal Revenue Service: "At various times I would get back to the orderly preparing of the records and make up the return but would have to drop it to get back to the business of protecting the business of the investors who had put their trust in me." In other words, he was too busy to attend to his own business. The jury was not bound to accept his explanation if, indeed, it was sufficient. We think the jury could permissibly infer that Ostendorff willfully failed to do what the law requires to be done, i. e., that he had the specific intent to disobey or disregard the requirement of the statute that he file tax returns. See Haner v. United States, 315 F.2d 792, 795 (5th Cir. 1963) [dissenting opinion].

Four assignments of error consist of attacks upon excerpts from the judge's charge to the jury. Two of them were not called to the attention of the trial judge and are asserted in this court for the first time. Rule 52(b) of the Federal Rules of Criminal Procedure permits, but does not require, this court to notice plain errors although they were not brought to the attention of the district court. But it was never intended that Rule 52(b) be applied in such a way as to destroy Rule 30, which provides that no party may assign as error any portion of the charge to the jury unless he ob-

jects thereto before the jury retires stating distinctly the matter to which he objects and the grounds of his objection. E. g., United States v. Jones, 340 F.2d 599 (4th Cir. 1965). We decline to consider the belated exceptions to the judge's charge.

In apt time, defendant objected to the following portion of the charge: "A series of defaults, indicating a pattern of behavior, knowingly and intentionally made, *may* suggest the existence of a specific evil motive." [Emphasis added.] Even out of context, we find no error. Such an instruction does not compel the jury to draw the inference. Compare United States v. Palermo, 259 F.2d 872 (3d Cir. 1958).

Also in apt time, defendant objected to the following portion of the charge: "It is also of some significance that the degree of proof required to show willful failure to file a return, the misdemeanor involved here, is not so demanding as if this were prosecution for willful tax evasion, a felony." The potentially misleading instruction was apparently derived from Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943), wherein the Court was not speaking of burden of proof but of greater and lesser offenses. If the defendant felt that the jury might have been confused by this isolated excerpt from the entire charge, his counsel should have done more than object and should have stated the grounds for his objection as required by Rule 30. Considering the matter in context with the additional very comprehensive instructions on burden of proof, we think the error was not so serious as to require a new trial.

Although not objecting to another portion of the charge admittedly more favorable to the defendant than he was entitled to have,[1] the defendant now insists that the erroneous instruction became the law of the case and if disre-

---

1. The district court charged:
   "[T]hat if the United States of America relies upon circumstantial evidence, in addition to direct evidence or com-

pletely, that such circumstantial evidence must be such as to exclude every other reasonable hypothesis than the guilt of the accused."

garded by the jury its verdict should be set aside. This contention is without merit. It is sufficient to note that we are unable to determine that the erroneously favorable instruction *was* disregarded by the jury.

■ Another assignment of error relates to the court's sustaining the government's objection to a question posed to a witness as to what was said by the defendant with reference to his income tax. The court sustained the objection to this question on the ground that the answer would be a "self-serving" declaration. A rigid adherence to exclusionary rules of evidence, especially one with so questionable a pedigree as the rule forbidding "self-serving" statements, is always a hazard to affirmance on appeal and is usually undesirable. See United States v. Stoehr, 196 F.2d 276 (3rd Cir. 1952); United States v. Matot, 146 F.2d 197 (2d Cir. 1944); 6 Wigmore, Evidence § 1732 (3d ed. 1940). Indeed, " 'the modern rule [is] to admit in evidence any matter which throws light on the question in controversy, leaving to the discretion of the judge [the obligation] to hold the hearing within reasonable bounds. * * *' " Banko v. Continental Motors Corp., 373 F.2d 314 (4th Cir. 1966) [quoting from United States v. 25.406 Acres of Land, 172 F.2d 990, 995 (4th Cir.), cert. denied, 337 U.S. 931, 69 S. Ct. 1496, 93 L.Ed. 1738 (1949)].

■ But we need not reach the question of whether the exclusion was prejudicial for the reason that the witness later on answered virtually the same question on cross-examination. Nor do we know that the first question to which the objection was sustained would have elicited a more complete answer, for counsel made no proffer of the rejected testimony.

■ The most serious assignment of error is that the defendant was deprived of a fair and impartial trial by reason of the trial judge's prejudicial remarks. We have carefully examined the numerous parts of the record asserted to disclose the bias of the trial judge. We think counsel misconceives the proper function of a federal district judge. He is not a bump on a log, nor even a referee at a prizefight. He has not only the right, but he has the duty to participate in the examination of witnesses when necessary to bring out matters that have been insufficiently developed by counsel. He is in charge of the trial and may exercise his control to assure that the jury is not mislead by unfair phrasing of questions by counsel. E. g., Johnson v. United States, 333 U.S. 46, 54, 68 S.Ct. 391, 92 L.Ed. 468 (1948) [Frankfurter, J., dissenting]; United States v. Godel, 361 F.2d 21 (4th Cir. 1966); Simon v. United States, 123 F.2d 80 (4th Cir.), cert. denied, 314 U.S. 694, 62 S.Ct. 412, 86 L.Ed. 555 (1941). "A trial judge, who is after all 'the only disinterested lawyer connected with the proceeding', has the duty to help make clear to the jury the facts and circumstances pertinent to the case. 'He should not hesitate to ask questions for the purpose of developing the facts; and it is no ground of complaint that the facts so developed may hurt or help one side or the other'." United States v. Godel, supra, 361 F.2d at 24 [quoting from Simon v. United States, supra, 123 F.2d at 83]. This assignment of error is without merit.

Affirmed.