498 F.2d 1398
 74-2 USTC P 9547
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
United States of America, Appellee
v.
John B. Pinner, Appellant.
 No. 73-2187.
 United States Court of Appeals, Fourth Circuit.
 July 3, 1974.
 
 Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.
 
 PER CURIAM
 
 1
 Admitting his failure to file income tax returns for the years 1969 and 1970 and his duty to file them, John B. Pinner nevertheless argues that his conviction by the district court, after a waiver of a jury trial, of violating 26 U.S.C. Sec. 7203 cannot stand because his failure to file the returns was not "willful."
 
 
 2
 The evidence offered by the Government was ample to support the district court's determination of willfulness. Pinner testified that he knew he was required to file personal income tax returns. During the period of his failure to file his personal tax returns, he timely filed corporate tax returns relating to his business. The Certified Public Accountant who prepared Pinner's tax returns for the years 1961-1972, testified that from time to time he reminded Pinner that his personal returns were due but that Pinner exhibited a pattern of tardiness in filing them. An Internal Revenue Agent, Parker, sent Pinner a letter dated September 8, 1971, pertaining to his 1969 return and asking him to reply within a few days. The agent testified that he did not receive a response to this letter. A second letter, dated November 8, 1971, was sent to Pinner, and on November 22 or 23, 1971, Pinner took both letters to his accountant and requested that the accountant handle the matter with the Internal Revenue Service.
 
 
 3
 Pinner produced testimony from several persons, including his accountant, that he was habitually lax in his financial affairs and burdened with personal problems, but this evidence did not negate the Government's showing that Pinner knew of his obligation to file returns. Pinner's statement that he thought a return could not be filed unless a taxpayer had sufficient funds to pay the assessed tax was rejected by the district court because Pinner had purchased two automobiles and a $165,000 house during the period in question.
 
 
 4
 "The evidence clearly establishes his [Pinner's] knowledge that he was required to file yearly tax returns and supports the finding that his failure to do so was a willful violation of 26 U.S.C. Sec. 7203." United States v. Browney, 421 F.2d 48, 50-51 (4 Cir.1970); United States v. Ostendorff, 371 F.2d 729 (4 Cir.), cert. denied, 386 U.S. 982 (1967).
 
 
 5
 Accordingly, we dispense with oral argument and affirm the judgment of the district court.
 
 
 6
 Affirmed.