**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                   No. 96-4062

JOHN E. HARTMANN, III,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-95-76)

Submitted: May 3, 1996

Decided: May 24, 1996

Before ERVIN and WILKINS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jon M. Babineau, DOYLE & BABINEAU, P.L.L.C., Norfolk, Virginia, for Appellant. Helen F. Fahey, United States Attorney, John C. McDougal, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John E. Hartmann, III, appeals from the district court's order affirming the magistrate judge's judgment and commitment order imposing sentence after the jury's verdict that Hartmann willfully failed to file income tax returns in violation of 26 U.S.C.A. § 7203 (West Supp. 1996), for the 1990, 1991, and 1992 tax years. Finding that the evidence at trial was sufficient to support the jury's verdict, we affirm.

To sustain Hartmann's conviction for willful failure to file tax returns, the government had to prove that Hartmann (1) was required to file a return; (2) failed to file a return; and (3) that the failure to file was willful. 26 U.S.C.A. § 7203); see Cheek v. United States, 498 U.S. 192, 201 (1991); United States v. Ostendorff, 371 F.2d 729, 730 (4th Cir.), cert. denied, 386 U.S. 982 (1967). Hartmann has admitted that he had a duty to file and that he did not file returns for the years 1990, 1991, and 1992. The only issue to be resolved on appeal is whether sufficient evidence supports the jury's conclusion that Hartmann's failure to file was willful.

Hartmann contends that a willful failure to file requires the government to prove bad faith or an evil motive. See United States v. Murdock, 290 U.S. 389, 394-95 (1933). However, the Supreme Court defined "willful" under § 7203 as the "voluntary, intentional violation of a known legal duty." Cheek, 498 U.S. at 201; United States v. Pomponio, 429 U.S. 10, 12 (1976).

We find that, viewed in the light most favorable to the government, the evidence presented during Hartmann's trial was sufficient to prove that he voluntarily and intentionally violated his known legal duty to make and file tax returns for the years 1990, 1991, and 1992. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States

2

v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991). The government presented evidence that Hartmann did not file federal tax returns from 1973 through 1980, or from 1985 through 1992, nor did Hartmann file state tax returns since before 1980. This pattern of failing to file returns supports an inference of willfulness. See Ostendorff, 371 F.2d at 731; United States v. Taylor, 305 F.2d 183, 185 (4th Cir.), cert. denied, 371 U.S. 894 (1962).

Further, the government presented evidence that, throughout this time, Hartmann regularly received income and earnings statements--Forms W-2 and 1099--which served to remind him of the requirement that he file tax returns. Additionally, during his opening statement, Hartmann admitted that he knew that he had to file tax returns.

Hartmann's stated reasons for not filing tax returns--(1) that the tax laws were so complex that he did not know how to file; (2) that his finances and records were such a mess that he could not file a return; and (3) that he feared the consequences of making a mistake--are negated by the fact that Hartmann filed a tax return for the 1984 tax year, which was accepted by the IRS. That return reported income and expenses for essentially the same business that Hartmann was operating in 1990, 1991, and 1992.

Moreover, Hartmann's false exculpatory statements to the IRS agent concerning the amount of his 1992 income and his false statement that in lieu of a tax return, he sent the IRS three or four payments a year to be credited to his account, when he could only locate two canceled checks, also support the jury's conclusion that Hartmann willfully failed to file returns. See United States v. Callanan, 450 F.2d 145, 150 (4th Cir. 1971). Finally, although Hartmann asserted that he sent letters to the IRS requesting assistance in filing his tax returns, he failed to present any evidence of these letters.

In conclusion, we find that the evidence was sufficient to support Hartmann's conviction for willful failure to file tax returns. Therefore, we affirm the district court's order affirming Hartmann's conviction. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4