T.C. Memo. 1997-566


UNITED STATES TAX COURT


GERALD HICKMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27499-96.                    Filed December 23, 1997.


Joseph Falcone and Brian H. Rolfe, for petitioner.

Meso T. Hammoud, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  In the statutory notice dated September 27, 1996, respondent determined deficiencies and additions to petitioner's income tax as follows:

| | | Additions to Tax | | | | | |
|---|---|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. 6654 |
| 1984 | $3,727 | $932 | $186 | [1] | --- | --- | $234 |
| 1985 | 8,362 | 2,091 | 418 | [1] | --- | --- | 479 |
| 1986 | 10,690 | 2,673 | --- | --- | $535 | [1] | 514 |
| 1987 | 17,884 | 4,471 | --- | --- | 894 | [1] | 967 |
| 1988 | 19,350 | 4,838 | 968 | --- | --- | --- | 1,237 |

[1]50 percent of the interest due on $3,727, $8,362, $10,690, and $17,884, respectively, for 1984 through 1987.

The determination is based on petitioner's failure to file Federal income tax returns and report income earned in his capacity as an independent contractor.[1]

Petitioner, while a resident of Clarkston, Michigan, petitioned the Court on December 26, 1996, to redetermine respondent's determination of deficiencies and additions to tax. Petitioner concedes that he is liable for the tax deficiencies and additions to tax for the 1984 through 1985 tax years. The 1986 through 1988 tax years remain in issue, and we must decide the following:

1. Whether respondent is collaterally estopped from asserting income tax deficiencies against petitioner for the 1986 through 1988 tax years. We hold that respondent is not collaterally estopped from litigating this issue and that petitioner is liable for the entire deficiency determination.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code applicable to the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

2. Whether res judicata bars respondent from asserting additions to tax for the 1986 through 1988 tax years. We hold that it does not.

a. Whether petitioner is liable under section 6651 for failing to file his 1986 through 1988 Federal income tax returns. We hold that he is.

b. Whether petitioner is liable under section 6653 for the negligence addition to tax. We hold that he is.

c. Whether petitioner is liable under section 6654 for failing to pay estimated income tax for 1986 through 1988. We hold that he is.[2]

FINDINGS OF FACT

The case was submitted to the Court fully stipulated on October 9, 1997. The stipulations of fact, with accompanying exhibits, are incorporated herein by reference.[3] During 1984

---

[2]In his petition, petitioner argues that expiration of the statutory period of limitations bars assessment and collection of deficiencies in income tax for the years in issue. Respondent contends that petitioner failed to file returns for the 1986 through 1988 tax years, and therefore the income tax deficiencies for those years may be assessed at any time under sec. 6501(c)(3). Generally, assessment must be made within 3 years after the filing of a return. Sec. 6501(a). However, in the case of failure to file a return, the tax may be assessed at any time. Sec. 6501(c)(3). The parties have stipulated that petitioner did not file Federal income tax returns for 1986 through 1988; consequently, the period of limitations is not a consideration in this case.

[3]Respondent objects to petitioner's Exhibit 7 on the grounds of relevancy. Petitioner's Exhibit 7 is a copy of a "Release of

(continued...)

through 1988, petitioner worked as a design engineer/draftsman on an independent contractor basis. During 1986, petitioner worked for Utica Machine, Stellar Engineering, and Bernal Rotary, and from them, respectively, received compensation in the amounts of $18,400, $5,475, and $6,377. During 1987, petitioner worked for Bernal Rotary and received compensation in the amount of $49,324. And during 1988, petitioner worked for Bernal Rotary and received compensation in the amount of $56,638. Petitioner did not file Federal income tax returns for 1986 through 1988.

On April 14, 1993, petitioner, pursuant to section 7203, was indicted on three counts of willfully failing to file Federal income tax returns for the tax years 1986 through 1988. Count one of the Indictment charged that petitioner received gross income in the amount of $30,252 during the 1986 tax year, and by reason of such income petitioner was required to file a Federal income tax return for that year on or before April 15, 1987.

---

[3](...continued)
Abstract of Judgment" which petitioner submits as proof that he fulfilled all conditions of the U.S. District Court for the Eastern District of Michigan's order of judgment, including a restitution payment to the Internal Revenue Service. Fed. R. Evid. 401, a rule that applies to this Court under Rule 143(a), Tax Court Rules of Practice and Procedure, provides broadly that evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." We find that Exhibit 7 is relevant and is therefore admissible. See Estate of Scanlan v. Commissioner, T.C. Memo. 1996-331, affd. without published opinion 116 F.3d 1476 (5th Cir 1997).

Count two of the Indictment charged that petitioner received gross income in the amount of $49,324 during 1987, and by reason of such income petitioner was required to file a Federal income tax return for that year on or before April 15, 1988. Count three of the Indictment charged that petitioner received gross income in the amount of $56,504 during 1988, and by reason of such income was required to file a Federal income tax return for that year on or before April 15, 1989. Each count further charged that petitioner "wilfully and knowingly" failed to file these requisite returns.

On or around July 9, 1993, petitioner was tried on all three counts before a jury in the U.S. District Court for the Eastern District of Michigan (District Court). During the trial, a Government witness testified that petitioner's gross income for 1986 through 1988, respectively, was $30,252, $49,324, and $56,504. The witness further identified petitioner's corresponding tax liabilities as $7,249, $13,246, and $15,781, respectively. The Government also submitted into evidence Exhibit 40B, entitled "Computation of Taxable Income and Tax Due for Gerald R. Hickman", which identified, among other things, petitioner's gross income, taxable income, and total tax due for 1986 through 1988.

On July 23, 1993, petitioner was found guilty on all three counts. On October 20, 1993, the District Court entered an order

of judgment against petitioner, sentencing petitioner to community confinement and probation.  In addition, the District Court's Order of Judgment required petitioner to make immediate restitution to the Internal Revenue Service in the total amount of $36,276.  The restitution amount is based on the Government witness's testimony of petitioner's tax liability for 1986 through 1988.  On or around December 27, 1993, petitioner paid the ordered restitution in full.  The judgment of the District Court is final.

Subsequently, respondent determined in the notice of deficiency that petitioner received income in the amounts of $30,252, $49,324, and $56,638, respectively, for 1986 through 1988.  Based on those amounts, respondent's deficiency determinations for 1986 through 1988 are $10,690, $17,884, and $19,350, respectively.  The total deficiency for all 3 years is $47,924, an $11,648 difference from the tax liability presented to the District Court and the District Court's ordered restitution payment.

The difference in the tax liability calculation submitted to the District Court and respondent's deficiency determination stems from respondent's disallowance of certain capital losses and itemized deductions.  These disallowances result in positive adjustments to the taxable income figures presented to the District Court.

OPINION

Petitioner concedes that he had gross income in the amounts determined by respondent for the years in issue. Petitioner alleges, however, that the doctrines of collateral estoppel and res judicata preclude respondent from seeking deficiencies in excess of those found by the District Court and additions in tax.

I.  Collateral Estoppel and Respondent's Deficiency Determination

The primary issue in this case is whether the doctrine of collateral estoppel precludes respondent from asserting tax deficiencies for the 1986 through 1988 tax years. Petitioner argues that the District Court's order of restitution is tantamount to a final determination of petitioner's tax liabilities. Thereby, respondent is precluded from determining tax liabilities in excess of those "determined" by the District Court. What is at stake for petitioner is the payment of an additional $11,648 in income taxes.

A.  Collateral Estoppel

Respondent argues that the doctrine of collateral estoppel does not apply for the tax years 1986 through 1988 because the District Court did not decide the issue of petitioner's exact income tax liabilities. Thereby, respondent is not precluded from determining and assessing petitioner's income tax liabilities. Respondent sets forth two arguments in support of this position. First, the indictment did not charge petitioner

with any specific tax liability amount.  Instead, it only charged petitioner with receiving specific amounts of income, amounts which petitioner does not dispute.  Second, the District Court's order for restitution was based upon the testimony of a Government witness, whose testimony was incidental to the issue of the specific amounts of income received by petitioner. Respondent contends that petitioner's tax liability was not actually litigated and decided, and that the evidence of petitioner's tax liability was only introduced for the purpose of proving that petitioner was required to file Federal income tax returns.

Petitioner argues that the District Court determined his income tax liabilities for 1986 through 1988, and that respondent is collaterally estopped from relitigating petitioner's tax liability for those years.  In support, petitioner contends that his tax liability was actually determined, actually litigated, and essential to the judgment of the criminal conviction and restitution order.  As a result of the District Court's judgment, petitioner contends that his tax liability for 1986 through 1988 is limited to the $36,276 amount ordered by the District Court.

"Collateral estoppel and the related doctrine of res judicata have the dual purpose of protecting litigants from the burden of relitigating an identical issue and of promoting judicial economy by preventing unnecessary or redundant

litigation."  Meier v. Commissioner, 91 T.C. 273, 282 (1988).
Issue preclusion, or collateral estoppel, is defined in 1
Restatement, Judgments 2d, section 27 (1982), as follows: "When
an issue of fact or law is actually litigated and determined by a
valid and final judgment, and the determination is essential to
the judgment, the determination is conclusive in a subsequent
action between the parties, whether on the same or a different
claim."  Collateral estoppel may be applied in civil trials to
issues previously determined in a criminal conviction.  Appley v.
West, 832 F.2d 1021, 1026 (7th Cir. 1987); Otherson v. Department
of Justice, 711 F.2d 267, 271 (D.C. Cir. 1983); Amos v.
Commissioner, 43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir.
1965).

In Montana v. United States, 440 U.S. 147, 155 (1979), the
Supreme Court established a three-prong test for applying
collateral estoppel:  First, whether the issues presented in the
subsequent litigation are in substance the same as those issues
presented in the first case; second, whether controlling facts or
legal principles have changed significantly since the first
judgment; and third, whether other special circumstances warrant
an exception to the normal rules of preclusion.  In Peck v.
Commissioner, 90 T.C. 162, 166 (1988), affd. 904 F.2d 525 (9th
Cir. 1990), the Court stated that the "three-pronged rubric
provided by the Supreme Court in the Montana case embodies a

number of detailed tests developed by the courts to test the appropriateness of collateral estoppel in essentially factual contexts." Building on the Supreme Court's analysis in Montana, the Court in Peck identified five conditions that must be satisfied for collateral estoppel to apply: First, the issue in the second suit must be identical in all respects with the one decided in the first suit; second, there must be a final judgment rendered by a court of competent jurisdiction; third, collateral estoppel may only be invoked against parties and their privities to the prior judgment; fourth, the parties must have actually litigated the issue and the resolution of these issues must have been essential to the prior decision; and fifth, the controlling facts and applicable legal rules must remain unchanged from those in the prior litigation. Id. at 166-167; see also Commissioner v. Sunnen, 333 U.S. 591, 599-600 (1948); Gammill v. Commissioner, 62 T.C. 607, 613-615 (1974). The parties do not dispute that the judgment of the District Court is a final judgment by a court of competent jurisdiction, that the same parties are involved in the two proceedings, or that controlling facts and applicable legal rules have remained unchanged. The arguments in this case concern whether or not the issue in the two cases is identical, whether the parties actually litigated and decided the issue before the District Court, and whether the District Court's resolution of the issue was essential to its decision.

We believe that resolution of the issue of whether the District Court's finding of petitioner's tax liability was essential to its decision is dispositive.  Thus, we focus on this precondition to the application of collateral estoppel.  Respondent argues that the District Court was not required to find the amount of petitioner's specific tax liability in finding him guilty in the criminal case, and that a finding of his specific income tax liability was not essential to the District Court's judgment.  Petitioner argues that in order for the District Court to enter a judgment and impose a sentence against him, it was necessary for the District Court to determine the amount of his income tax lability for the years in issue.

We conclude that resolution of petitioner's tax liability was not essential to the District Court's judgment.  Petitioner's specific tax liability is not an element that the Government must prove in order to secure a conviction under section 7203.  Section 7203 states that "Any person required under this title to * * * make a return * * * who willfully fails to * * * make such return * * * at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor".  To sustain its burden of proof under section 7203, the Government must establish three elements: (1) that the defendant was required by law to file a tax return for the year in issue; (2) that he or she failed to timely file such tax

return; and (3) that the failure was willful.  Sec. 7203; see also United States v. Ostendorff, 371 F.2d 729, 730 (4th Cir. 1967).  In order to establish that petitioner was required by law to file a return, it must be shown that he received at least the amount of gross income specified by section 6012(a). Establishing petitioner's tax liability is not an element of section 7203, and consequently no specific income tax liability need be determined.  See Cipparone v. Commissioner, T.C. Memo. 1985-234; cf. Johnson v. Commissioner, T.C. Memo. 1993-227 (taxpayer precluded from disputing the amounts he received as embezzlement income where he was convicted in state court of "Theft in Office" and the specific amounts embezzled were, under state law, essential elements of each count in the indictment).

Second, the fact that the District Court's order of restitution is discretionary also supports our conclusion that a finding of petitioner's tax liability was not essential to the District Court's judgment.  Pursuant to 18 U.S.C. section 3663 (1994), "The court * * * may order, in addition to or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense".  (Emphasis added.)

For the aforementioned reasons, we find that an adjudication of petitioner's tax liability was not essential to the District Court's judgment and that this precondition to the application of

collateral estoppel is not satisfied.  We therefore find that respondent is not collaterally estopped from asserting tax deficiencies for the 1986 through 1988 tax years.

B.  Respondent's Deficiency Determination

Respondent determined that petitioner underpaid his 1986 through 1988 income tax by $10,690, $17,884, and $19,350, respectively.  The underpayment is attributable to petitioner's failure to file his income tax returns for 1986 through 1988, and report income earned in his capacity as a self-employed independent contractor.  Petitioner does not argue that respondent's determination of the deficiency is incorrect.  We therefore sustain respondent's determination.

II.  Res Judicata and The Additions To Tax

As an initial matter, petitioner argues that the doctrine of res judicata bars respondent from litigating petitioner's liability for any additions to tax.  Petitioner contends that the Government's failure to raise the issue of any additions to tax in the criminal proceeding precludes respondent from raising the issue before this Court.

Res judicata (claim preclusion) precludes relitigation of issues that were or could have been raised regarding a cause of action.  Commissioner v. Sunnen, 333 U.S. 591 (1948).  Under the doctrine of res judicata, when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action,

the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Id. at 597. But where the second action between the same parties is upon a different cause or demand, the judgment in the prior action has preclusive effect only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. Id. at 597-598.

In Neaderland v. Commissioner, 424 F.2d 639, 641 (2d Cir. 1970), affg. 52 T.C. 532 (1969), the court stated: "When a civil trial follows criminal proceedings which were based on the same facts, a different cause of action is involved and the doctrine of collateral estoppel rather than that of res judicata must be considered." See also Helvering v. Mitchell, 303 U.S. 391 (1938); United States v. Barnette, 10 F.3d 1553, 1561 (11th Cir. 1994); Towe v. Commissioner, T.C. Memo. 1992-689. The doctrine of res judicata is therefore not applicable. For reasons already explained, it is obvious that ascertaining petitioner's liability for these additions to tax was not essential to the District Court's judgment and the doctrine of collateral estoppel also has no preclusive effect.

A. Section 6651(a)(1)--Failure To File

Respondent determined that petitioner is liable under section 6651(a)(1) for his failure to file returns for 1986 through 1988. In addition to the facts presented in this case, respondent pleaded and relies upon the doctrine of collateral estoppel to establish petitioner's liability under section 6651(a)(1). This argument is based upon the fact that petitioner was convicted under section 7203 of willful failure to file income tax returns for 1986 through 1988.

Section 6651(a)(1) imposes a 5-percent addition to tax each month for failure to file a tax return. The addition is not to exceed 25 percent in the aggregate. A section 6651(a)(1) addition to tax is warranted where a taxpayer fails to file a timely return unless the taxpayer shows that his failure to do so was due to reasonable cause and not due to willful neglect. Where the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, the delay is deemed due to reasonable cause. Sec. 301.6651-1(c), Proc. & Admin. Regs.

As previously noted, the doctrine of collateral estoppel is intended to avoid repetitious litigation by precluding the relitigation of any issue of fact or law that was actually litigated and that culminated in a valid and final judgment. Montana v. United States, 440 U.S. at 153; Kotmair v. Commissioner, 86 T.C. 1253, 1262 (1986). The fact that was

conclusively established by petitioner's conviction under section 7203 was that he had willfully failed to file a return for each of the years 1986 through 1988. "Willful" means the voluntary, intentional violation of a known legal duty. United States v. Pomponio, 429 U.S. 10, 12 (1976). Petitioner's conviction under section 7203 thus conclusively establishes that his failure to file was not due to reasonable cause and was due to willful neglect, and he is accordingly estopped from contending otherwise. Kotmair v. Commissioner, supra at 1263. Petitioner is therefore liable for the section 6651 addition to tax.

### B.  Section 6653--Negligence Addition To Tax

Respondent determined that petitioner is liable under section 6653 for the negligence addition to tax as follows: For the 1986 and 1987 tax years, pursuant to section 6653(a)(1)(A) and (B); for the 1988 tax year, pursuant to section 6653(a)(1). Respondent argues that the doctrine of collateral estoppel also precludes petitioner from arguing against imposition of the negligence addition to tax. Respondent contends that petitioner's conviction under section 7203 conclusively establishes that petitioner willfully failed to file his 1986 through 1988 returns, and thereby petitioner is collaterally estopped from denying his liability for the negligence addition to tax.

A section 6653(a) addition to tax is imposed if any part of the underpayment of tax is due to negligence.  For the 1986 and 1987 tax years, if any part of an underpayment is due to negligence, there shall be added to the tax an amount equal to the sum of 5 percent of the underpayment and an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of such underpayment which is attributable to negligence.  Sec. 6653(a)(1)(A) and (a)(1)(B).  For the 1988 tax year, if any part of an underpayment is due to negligence, there shall be added to the tax an amount equal to 5 percent of the underpayment.[4]  Sec. 6653(a)(1).  "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code.  Sec. 6653(a)(3).  Furthermore, negligence is the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.

Petitioner's conviction under section 7203 for willful failure to file returns for 1986 through 1988 conclusively establishes the following: (1) that petitioner had the duty to file such returns; (2) that he he failed to do so; and (3) that his failure to do so was willful; i.e., that he intentionally disregarded applicable rules or regulations requiring the filing of returns.  We therefore find that petitioner is collaterally

---

[4] For 1988, the time-sensitive interest component of the negligence penalty was eliminated.

estopped from contesting his liability for the negligence addition to tax, and uphold respondent's determination on this issue.  Kotmair v. Commissioner, supra at 1263-1264.

### C.  Section 6654--Failure To Pay Estimated Tax

Respondent determined an addition to tax under section 6654 for 1986 through 1988 based on petitioner's failure to pay estimated income tax.  Section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual".  Estimated income tax payments are used to provide for current payment of income taxes not collected through withholding.  This addition to tax is in addition "to any applicable criminal penalties and is imposed whether or not there was reasonable cause for the underpayment".  Sec. 1.6654-1(a)(1), Income Tax Regs.  Moreover, an addition to tax under section 6654 is mandatory absent the application of one of the exceptions contained in that section.  In re Sanford, 979 F.2d 1511, 1514 (11th Cir. 1992); Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Baqur v. Commissioner, 66 T.C. 817, 824 (1976), remanded on other grounds 603 F.2d 491 (5th Cir. 1979).

Petitioner does not argue that any of the exceptions contained in section 6654 apply, nor does he argue that

respondent erred in determining an addition to tax under section 6654. Accordingly, we sustain respondent's determination and find petitioner liable under section 6654 for his failure to make estimated tax payments for 1986 through 1988.

We have considered all other arguments made by the parties and found them to be either irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.