**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-5238

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY K. JUSTIN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:09-cr-00066-JAB-1)

Submitted: October 4, 2011          Decided: October 18, 2011

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott W. Gross, Mt. Clemens, Michigan, for Appellant. Frank P. Cihlar, Gregory Victor Davis, Katie Bagley, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Rodney K. Justin on four counts of willful failure to file income tax returns, in violation of 26 U.S.C. § 7203 (2006), and four counts of endeavoring to obstruct and impede the due administration of the Internal Revenue Service Code, in violation of 26 U.S.C. § 7212(a) (2006). The district court denied Justin's Fed. R. Crim. P. 29 motions for judgment of acquittal. On appeal, Justin challenges the sufficiency of the evidence to sustain his convictions. Finding no error, we affirm.

We review de novo the district court's denial of a motion for a judgment of acquittal. United States v. Green, 599 F.3d 360, 367 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010). In assessing the sufficiency of the evidence, we "construe the evidence in the light most favorable to the government, assuming its credibility, and drawing all favorable inferences from it, and will sustain the jury verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir. 2011) (citation and emphasis omitted). "Appellate reversal on grounds of insufficient evidence . . . will be confined to cases where the prosecution's failure is clear." Green, 599 F.3d at 367 (internal quotation marks,

2

alteration, and citation omitted). "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks and citation omitted).

To sustain a conviction for "willfully fail[ing] to . . . make [an income tax] return . . . at the time or times required by law," in violation of 26 U.S.C. § 7203, the Government had to establish three elements: "(1) that the defendant was required by law to file a tax return for the year in question, (2) that he failed to timely file such tax return, and (3) that the failure was a willful failure." United States v. Ostendorff, 371 F.2d 729, 730 (4th Cir. 1967); United States v. Bourque, 541 F.2d 290, 293 (1st Cir. 1976). To establish a violation of 26 U.S.C. § 7212(a), the Government had to prove that Justin (1) corruptly (2) endeavored (3) to obstruct or impede the due administration of the IRS Code. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

We have reviewed the record of the proceedings below in light of Justin's arguments on appeal and conclude that sufficient evidence clearly supports the jury's verdict. Accordingly, we affirm Justin's convictions and sentence. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED