# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs)  No. 13-1259 (Harrison County 12-F-110)

**Bernard Lee Greer**
**Defendant Below, Petitioner**

November 21, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Bernard Lee Greer, by counsel David E. Goddard, appeals the order of the Circuit Court of Harrison County, entered October 30, 2013, sentencing him to a term of incarceration for two to five years subsequent to his conviction, after a trial by a jury of his peers, of one count of possession with intent to deliver a controlled substance in violation of West Virginia Code § 60A-4-401(a). Respondent State of West Virginia appears by counsel Christopher S. Dodrill.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on one count of robbery in the first degree, one count of kidnapping, one count of assault during the commission of a felony, and one count of possession with intent to deliver a controlled substance ("Count Four"), all stemming from an incident that began with an altercation with his acquaintance Tiffany Rollins and ended with responding police officers finding him in possession of approximately three grams of illegal "bath salts[.]"[1] After a jury trial, he was convicted of Count Four only and sentenced to serve a term of two to five years in the West Virginia State Penitentiary. Petitioner appealed.

On appeal, petitioner asserts four assignments of error relevant to his conviction: (1) that the circuit court erred in allowing the introduction of evidence obtained during an earlier traffic stop in which petitioner was involved pursuant to Rule 404(b) of the West Virginia Rules of Evidence;[2] (2) that the circuit court violated petitioner's constitutional right to due process by

---

[1] According to the indictment, the substance, "[m]ethcathinone, [is] a Schedule I non-narcotic controlled substance also known as Bath Salts[.]"

[2] Rule 404(b) provides:

1

failing to remain "neutral and detached" in the trial process; (3) that the circuit court erred in allowing the State to use a property receipt because the petitioner's "admission" inherent in the receipt was "fruit of the poisonous tree" inasmuch as it was the result of an illegal custodial interrogation; and (4) that the circuit court erred when it denied petitioner's pretrial motion to sever Count Four from the remainder of the indictment, forcing petitioner to waive his Fifth Amendment rights.[3]

---

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

[3] In addition to these assignments of error appropriately raised in petitioner's opening brief, petitioner raised in his reply brief, for the first time, the additional argument that Count Four of the Indictment charged petitioner with possession with intent to deliver methcathinone, though the State's expert in forensic drug identification testified at trial that the substance contained three-four methylenedioxypyrovalerone (MDPV), a synthetic cathinone. Petitioner argues that these are different substances, and the evidence presented by the State is therefore insufficient to prove the crime charged in the indictment. We have explained:

> When the evidence at trial differs from the allegations in the indictment, then a variance has occurred. It is only when the defendant is prejudiced by the variance that a reversal is required. *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir.1996). However, not every variation between an indictment and proof at trial creates reversible error. *State v. Johnson*, 197 W.Va. 575, 581–82, 476 S.E.2d 522, 528–29 (1996). . . .

> The difference between a harmless variance and a reversible constructive amendment (fatal variance) was said best by Justice McHugh in Syllabus Point 3 of *State v. Johnson*. . . :

>> If the proof adduced at trial differs from the allegations in an indictment, it must be determined whether the difference is a variance or an actual or a constructive amendment to the indictment. If the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced, then the difference between the proof adduced at trial and the indictment is a variance which does not usurp the traditional safeguards of the grand jury. However, if the defendant is misled, is subjected to an added burden of proof, or is otherwise prejudiced, the difference between the proof at trial and the

Petitioner's first assignment of error concerns the circuit court's admission of evidence pursuant to Rule 404(b) of the West Virginia Rules of Evidence, which petitioner argues was improperly permitted, subsequent to the court's having conducted a *McGinnis* hearing, on the basis that evidence obtained in the prior incident was seized pursuant to an unlawful custodial interrogation.[4] The standard of review of a circuit court's decision regarding the admissibility of Rule 404(b) evidence has been stated as follows:

> The standard of review for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other

---

> > indictment is an actual or a constructive amendment of the indictment which is reversible error.
>
> > "Whether the difference between the indictment and proof adduced at trial is merely a variance or whether the difference is an actual or a constructive amendment of the indictment will have to be determined on a case-by-case basis." *State v. Johnson*, 197 W.Va. at 582, 476 S.E.2d at 529.

*State v. Corra*, 223 W.Va. 573, 581-82, 678 S.E.2d 306, 314-15 (2009). Upon consideration of the record before us, we find no error. Petitioner was not misled, and he was subjected to no additional burden of proof. He was sufficiently alerted that he was faced with the charge of possession with intent to deliver "bath salts" and any technical defect is therefore cured.

[4] Pursuant to Syl. Pt. 2, *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994):

> Where an offer of evidence is made under Rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an *in camera* hearing as stated in *State v. Dolin*, 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted. A limiting instruction should be given at the time the evidence is offered, and we recommend that it be repeated in the trial court's general charge to the jury at the conclusion of the evidence.

acts occurred. Second, we review *de novo* whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403.

*State v. LaRock*, 196 W.Va. 294, 310–11, 470 S.E.2d 613, 629–30 (1996).

Prior to trial, the State provided notice that it intended to introduce evidence obtained during petitioner's prior arrest, only a few weeks prior to trial, when he was found to be in possession of 79 bags of bath salts contained in a locked backpack.[5] The court conducted a *McGinnis* hearing, at which details of the proffered 404(b) evidence were set forth as follows.

Sgt. Jeff Petroski of the Harrison County Sheriff's Department testified that he was dispatched some weeks earlier to do a "welfare check" on a car parked along the road. When he arrived, the driver started to pull away and Sgt. Petroski told him to stop. The officer saw nothing unusual about the vehicle or its tags or registration. As the officer approached, he was able to see inside the vehicle, and he saw a backpack and a kitchen spoon, which he viewed as drug paraphernalia. Petitioner was in the front passenger seat, his brother sat in the driver's seat, and a female "popped up" in the back seat. Sgt. Petroski ordered the female out of the car. He described her having "herky-jerky" movements, bloodshot eyes, and slurred speech. Sgt. Petroski then asked the men to get out of the car. When the driver opened the door, he saw a bag of syringes and a marijuana "bowl[.]" Upon searching the individuals, the officer also found knives, two loaded .45 caliber clips, and a firearm. Deputy William Cunningham appeared as backup. Among the evidence that Deputy Cunningham found were the two locked backpacks, which petitioner advised belonged to him. Upon obtaining a search warrant, Deputy Cunningham discovered 79 unopened bags of a substance. He wrote petitioner a property receipt, and released petitioner pending testing of the substance. Tests concluded that the substance in the packages was, in fact, bath salts, and petitioner was arrested on a later date and charged with possession with intent to deliver.

Petitioner argues that Sgt. Petroski had no reasonable articulable suspicion to stop the vehicle from driving away, thereby creating an illegal search and seizure, and any evidence gleaned during the stop is inadmissible "fruit of the poisonous tree."[6] Respondent contends that

---

[5] The 404(b) events challenged by petitioner occurred after the events giving rise to the indictment. Because it occurred prior to trial, we refer to that event as the "prior arrest."

[6] "'Police officers may stop a vehicle to investigate if they have an articulable reasonable suspicion that the vehicle is subject to seizure or a person in the vehicle has committed, is committing, or is about to commit a crime." Syl. Pt. 2, in part, *State v. Dunbar*, 229 W.Va. 293, 294-95, 728 S.E.2d 539, 540-41 (2012). We also recognize:

Under the fruits of the poisonous tree doctrine "'[e]vidence which is located by the police as a result of information and leads obtained from illegal[ ] [conduct] constitutes 'the fruit of the poisonous tree' and is ... inadmissible in evidence.'" We have observed, however, that "absent a constitutional violation, the 'fruits of

4

the stop was sufficiently grounded in the driver's pulling away, in an area known for drug activity, when Sgt. Petroski approached, but urges that any error in the admission of the evidence was harmless. When the alleged error involves the infringement of a petitioner's constitutional rights, the burden in a harmless error analysis is on the State to show that the error is harmless beyond a reasonable doubt:

> We have stated that the "[f]ailure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt." Syllabus Point 5, *State ex rel. Grob v. Blair*, 158 W.Va. 647, 214 S.E.2d 330 (1975). In accord, Syllabus Point 14, *State v. Salmons*, 203 W.Va. 561, 509 S.E.2d 842 (1998). "An error in admitting plainly relevant evidence which possibly influenced the jury [or a trial judge] adversely to a litigant cannot . . . be conceived of as harmless." *Chapman v. California*, 386 U.S. 18, 23–24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). "'Errors involving deprivation of constitutional rights will be regarded as harmless only if there is no reasonable possibility that the violation contributed to the conviction.'" *State v. Jenkins*, 195 W.Va. 620, 629, 466 S.E.2d 471, 480 (1995) (*quoting*, Syllabus Point 20, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974)). Moreover, once an error of constitutional dimensions is shown, the burden is upon "the beneficiary of a constitutional error"—usually the State—"to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman*, 386 U.S. at 24, 87 S.Ct. 824.

*State v. Mechling*, 219 W.Va. 366, 371, 633 S.E.2d 311, 316 (2006).

We agree that the error, if any, was harmless beyond a reasonable doubt because a jury could reasonably conclude based on the testimony presented at trial, even in the absence of the proffered 404(b) evidence described above, that petitioner was guilty of the crime of possession with intent to deliver "bath salts[.]" *See* Syl. Pt. 2, *State v. Atkins*, 163 W.Va. 502, 261 S.E.2d 55 (1979). Trial testimony in this case shows that the events leading to the indictment occurred when police received a 911 call informing them that petitioner had been beating Tiffany Rollins in a parking lot in Clarksburg. At trial, Ms. Rollins testified that she and petitioner sold bath salts together. Ms. Rollins stayed at the home of an acquaintance the night prior to the events relevant to the indictment, after returning from an out-of-town trip with petitioner to retrieve bath salts that they transported in a backpack. The following morning, petitioner appeared at the residence and began beating Ms. Rollins, according to her testimony, then took at least forty dollars from her purse, dragged her to a car, forced her inside, then continued to beat and cut her. Ms. Rollins was pulled from the car by passersby, at which time petitioner got out of the car and walked away. Shortly afterward, petitioner was stopped by an officer and asked to empty his pockets. Petitioner produced six pre-packaged bags, each containing approximately one-half of a gram of bath salts. At trial, petitioner testified that the packages were for his personal use. Inasmuch as

---

the poisonous tree' doctrine has no applicability." *State v. Bradshaw*, 193 W.Va. 519, 540, 457 S.E.2d 456, 477 (1995).

*State v. DeWeese*, 213 W.Va. 339, 346, 582 S.E.2d 786, 793 (2003) (internal citations omitted).

the trial evidence showed that petitioner admitted to the possession of several packages of bath salts—after Ms. Rollins testified that the two had a history of selling bath salts—we find that the evidence taken from petitioner's prior arrest was wholly unnecessary to the jury's finding of guilt. Even if the 404(b) evidence was admitted in error, the error was harmless beyond a reasonable doubt, and we will not set aside the jury verdict on this ground.

In his second assignment of error, petitioner argues that the circuit court demonstrated a lack of neutrality by advising the assisting prosecuting attorney in a bench conference that the State had failed to connect petitioner to the 404(b) evidence, and then permitting recall of a witness to establish the connection. When the 404(b) evidence was taken up at trial, the assistant prosecutor stated that the events of the prior arrest constituted a custodial interrogation without any evidence that a *Miranda* warning had been given.[7] He said that the State therefore would not elicit Deputy Cunningham's testimony that petitioner told him that the backpacks belonged to him. At the conclusion of Deputy Cunningham's trial testimony, the court conducted a bench conference and stated, "I don't see how he's tied the bath salts to [petitioner]. I mean, it's totally contrary to what the evidence was at the hearing." The assistant prosecuting attorney, after some discussion, offered to "tie it to him real quick, because he signed the property receipt and the search warrant." The court allowed the State to recall Deputy Cunningham, over petitioner's objection, and Deputy Cunningham testified that petitioner signed the property receipt for the backpacks that were recovered from the scene.

We have held:

A criminal defendant is entitled to an impartial and neutral judge. In a criminal trial, when a judge's conduct in questioning witnesses or making comments evidences a lack of impartiality and neutrality, or when a judge otherwise discloses that the judge has abandoned his role of impartiality and neutrality as imposed by the Sixth Amendment of the United States Constitution, we will reverse and remand the case for a new trial.

Syl. Pt. 7, *State v. Thompson*, 220 W.Va. 398, 647 S.E.2d 834 (2007). We have also recognized:

[T]he role of a judge is not to sit as "a bump on a log" or act as "a referee at a prizefight," but a judge has a duty to participate in witnesses examinations when it is necessary to expound upon matters not sufficiently developed by counsel. *United States v. Ostendorff*, 371 F.2d 729, 732 (4th Cir.), *cert. denied*, 386 U.S. 982, 87 S.Ct. 1286, 18 L.Ed.2d 229 (1967). "A trial judge, who is after all the only disinterested lawyer connected with the proceeding, has the duty to help make clear to the jury the facts and circumstances pertinent to the case." *Id.* (internal quotations and citations omitted). Indeed, a trial judge is responsible to promote the ascertainment of truth when witnesses are examined. *State v. Holmes*, 177 W.Va. 236, 239, 351 S.E.2d 422, 426 (1986). Given these judicial roles, and the myriad of situations which may arise necessitating trial courts to exercise their authority under Rule 614(b), an allegation that a trial court violated the rule must

---

[7] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

be reviewed on a case-by-case basis. . . .

*State v. Farmer*, 200 W.Va. 507, 513-14, 490 S.E.2d 326, 332-33 (1997).

Under the circumstances before us, there is no evidence of a lack of impartiality by the trial court. The court advised counsel, outside the hearing of the jury, that the evidence differed from what was adduced at the *McGinnis* hearing because the 404(b) evidence had not been connected to petitioner. Because the conference was conducted at the bench, the jury was not given the impression that the court valued evidence of the connection above other evidence. As we stated in *Farmer*, a trial judge "is responsible to promote the ascertainment of truth." Petitioner has offered no evidence that the court's isolated suggestion that the evidence was inadequately presented was made for any purpose other than to ascertain the truth. There is no error.

We turn to petitioner's third assignment of error, in which he attacks the use of the property receipt described above to establish petitioner's ownership of the backpacks filled with bath salts seized in connection with the prior arrest. We analyze evidentiary rulings under the following standard:

> The West Virginia Rules of Evidence . . . allocate significant discretion to the trial court in making evidentiary . . . rulings. Thus, rulings on the admission of evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary . . . rulings of the circuit court under an abuse of discretion standard.

*State v. Swims*, 212 W.Va. 263, 269–70, 569 S.E.2d 784, 790–91 (2002) (*quoting* Syl. Pt. 9, *Tudor v. Charleston Area Med. Ctr., Inc.*, 203 W.Va. 111, 506 S.E.2d 554 (1997)). Having determined that the evidence connected to petitioner's prior arrest was harmless for purposes of this appeal, we need not address this issue further. There is no evidence that the verdict was marred by an abuse of discretion on the part of the circuit court in this regard.

Finally, we turn to petitioner's fourth assignment of error, in which he argues that the circuit court erred in denying his pretrial motion to sever Count Four of the indictment—that is, the charge of possession with intent to deliver of which he ultimately was convicted—from the remaining counts for robbery in the first degree, kidnapping, and assault during the commission of a felony. As stated above, we review a circuit court's evidentiary rulings for abuse of discretion. Also relevant to our inquiry, Rule 14(a) of the West Virginia Rules of Criminal Procedure provides: "If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of the counts or provide whatever other relief justice requires. . . ." In addition, "[t]he question of whether to grant severance rests in the sound discretion of the circuit court." *State ex rel. Games–Neely v. Sanders*, 211 W.Va. 297, 303, 565 S.E.2d 419, 425 (2002). "A defendant is not entitled to relief from prejudicial joinder pursuant to Rule 14 of the West Virginia Rules of Criminal Procedure when evidence of each of the crimes charged would be admissible in a separate trial for the other." *Id.* (*quoting* Syl. Pt. 2, in part, *State v. Milburn*, 204 W.Va. 203, 511 S.E.2d 828 (1998), *cert. denied*, 528 U.S. 832, 120 S.Ct. 88, 145 L.Ed.2d 75

(1999)).

Petitioner argues that the facts relevant to Count Four were irrelevant to the remaining charges (which he asserts characterized him as a "bad man" in the eyes of the jury), and he was essentially forced to testify to defend himself against those charges resulting in a loss of his Fifth Amendment privilege against self-incrimination with respect to Count Four.[8] We disagree and find no abuse of discretion by the circuit court. Petitioner was apprehended and found to be in possession of bath salts after he was reported by a caller to 911 Emergency Services for the altercation involving Ms. Rollins, his partner in dealing bath salts. The events and evidence related to all four counts of the indictment were intertwined and there was no hope of disentanglement. Upon a review of the record, the parties' arguments, and applicable law, we find that the circuit court did not abuse its discretion in denying the motion to sever.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 21, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[8] The Fifth Amendment of the United States Constitution offers protection against self-incrimination by providing that "[n]o person shall be . . . compelled in any criminal case to be a witness against himself . . ." U.S.C.A. Const. Amend V; W.Va. Const. Art. III § 5.