**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4704**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KARL BURDEN-EL BEY, a/k/a Carl L. Burden,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. David J. Novak, District Judge. (4:20-cr-00017-DJN-DEM-1)

───────────────

Submitted: May 8, 2023                      Decided: August 29, 2023

───────────────

Before WYNN, THACKER, and RUSHING, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Lawrence H. Woodward, Jr., RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C., Virginia Beach, Virginia, for Appellant. Katie Bagley, Samuel Robert Lyons, Joseph Brian Syverson, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Karl Burden-El Bey of 30 counts of aiding in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2), one count of theft of government funds, in violation of 18 U.S.C. §§ 641, 2, and five counts of failure to file a tax return, in violation of 26 U.S.C. § 7203. The district court sentenced Burden-El Bey to 38 months' imprisonment. On appeal, Burden-El Bey's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. The Government declined to file a response brief. Although notified of his right to file a pro se supplemental brief, Burden-El Bey has not done so. We affirm.

We first review the sufficiency of the evidence, and our review is de novo. *United States v. Palin*, 874 F.3d 418, 424 (4th Cir. 2017). "A defendant who challenges the sufficiency of the evidence faces a heavy burden." *United States v. Small*, 944 F.3d 490, 499 (4th Cir. 2019) (internal quotation marks omitted). "[O]ur role is limited to considering whether there is substantial evidence, taking the view most favorable to the Government, to support the conviction." *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (cleaned up). "We do not reweigh the evidence or the credibility of witnesses, but assume that the jury resolved all contradictions in the testimony in favor of the Government." *Id.* (internal quotation marks omitted). "This high burden reflects our reluctance to overturn the jury's verdict in all but the most egregious cases." *Id.* at 232-33.

2

Sufficient evidence supports Burden-El Bey's convictions. Nine taxpayers testified that Burden-El Bey prepared fraudulent tax returns for them. *See United States v. Kimble*, 855 F.3d 604, 614 (4th Cir. 2017). Further, Burden-El Bey fraudulently obtained $5,000 of a client's tax refund for his own use or gain. *See United States v. Kiza*, 855 F.3d 596, 601 (4th Cir. 2017). Last, Burden-El Bey willfully failed to file tax returns from the years 2013 to 2017 when he was required to do so. *See United States v. Ostendorff*, 371 F.2d 729, 730 (4th Cir. 1967).

We review Burden-El Bey's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. Before assessing substantive reasonableness, we must first determine whether the sentence is procedurally reasonable. *See United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020). In doing so, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

3

The district court accurately calculated Burden-El Bey's advisory Guidelines range, accorded Burden-El Bey an opportunity to argue for a downward variance, considered Burden-El Bey's arguments and the § 3553(a) factors, and adequately explained the chosen sentence. Accordingly, Burden-El Bey's sentence is procedurally reasonable. We further conclude that Burden-El Bey has failed to rebut the presumption that his within-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. We deny Burden-El Bey's motion for the preparation of transcripts at government expense as the transcripts have been prepared and are included in the record on appeal. This court requires that counsel inform Burden-El Bey, in writing, of the right to petition the Supreme Court of the United States for further review. If Burden-El Bey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Burden-El Bey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4